UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WHITESELL CORPORATION,

        Plaintiff,

Case No. 1:05-cv-679

v.

Hon. Richard Alan Enslen

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH STARKEY,

**OPINION**

        Defendants.
_____/

This matter is before the Court on Defendant Whirlpool Corporation's Motion for Summary Judgment on Count One. The Motion presents the relatively simple question of whether, under either Michigan or Alabama law, a parent company may tortiously interfere with a contract between its subsidiary and a third-party. Oral argument is unnecessary in light of the briefing. Upon review of the argument, the Court finds, as a matter of law, that Count One fails.

**BACKGROUND**

This suit was filed in 2004 in the United States District Court for the Northern District of Alabama. (Dkt. No. 1.) United States District Judge Lynwood Smith then transferred this suit in its entirety (except for Count Two, which was dismissed due to improper service) to this District by Order of September 27, 2005 and pursuant to 28 U.S.C. § 1404(a). (Mem. Op. & Order 16-17.)

As to Count One, it is alleged that Plaintiff Whitesell Corporation (hereafter "Whitesell") had an advantageous business relationship with Whirlpool Corporation's subsidiary, Whirlpool Mexico, S.A. de C.V. (hereafter "Whirlpool Mexico") until Whirlpool Corporation (hereafter "Whirlpool") wrongfully, intentionally and maliciously interfered with the relationship, causing

Whitesell damages. (Am. Compl. ¶¶ 59, 61 & 62.). More particularly, the allegedly interference relates to Whitesell's production of specially-designed fasteners, and Whirlpool's decision to find a different supplier of the fasteners. (Am. Compl. ¶¶ 23-24.) It is not disputed that Whirlpool owns 99.9% of the stock of Whirlpool Mexico. (Robert Kenagy Aff. ¶ 5.)

## SUMMARY JUDGMENT STANDARDS

Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at

255).  The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### LEGAL ANALYSIS

There is limited legal authority on the state law question of whether a parent corporation may be liable for interfering with a contractual relationship or potential contractual relationship between its subsidiary and a third-party supplier.  Nevertheless, the parties have ably argued the alternatives.  Whitesell argues that Alabama law controls this question, and that the Eleventh Circuit Court of Appeals' decision in *Oxford Furniture Co. v. Drexel Heritage Furnishings, Inc.*, 984 F.2d 1118, 1126 (11th Cir. 1993) correctly applies Alabama law.  Whirlpool, on the other hand, argues in favor of the Sixth Circuit decision in *Speroni S.P. A. v. Perceptron, Inc.*, 12 Fed. Appx. 355 (6th. Cir. June 13, 2001) and *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So.2d 1143, 1154 (Ala. 2003).  This Court concurs with Whirlpool's argument that choice of law is not determinative in this case because under either Michigan or Alabama law, Whitesell loses on Count One.

Since in this case the Court's jurisdiction is founded on diversity of citizenship, the Court must apply state law as determined by the state's highest court.  *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938); *State Farm Fire & Cas. Co. v. McGowan,* 421 F.3d 433, 436 (6th Cir. 2005).  When the state supreme court has not addressed the issue, the Court must predict its ruling by looking at all relevant data, which includes especially state appellate decisions.  *See Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.,* 65 F.3d 498, 507 (6th Cir. 1995) (citing *Bailey v. V & O Press Co., Inc.,* 770 F.2d 601, 604 (6th Cir. 1985)).

If Michigan law applies in this instance, the *Speroni* decision is the best indicator of Michigan law, which decision does not permit liability. *Speroni,* 12 Fed. Appx. 359-60.  If, on the

3

other hand, Alabama law applies, the best indicator of Alabama law is the Alabama Supreme Court's decision in *Waddell*, which similar to S*peroni*, determined that an entity that has a "beneficial or economic interest in, or control over, [the business] relationship" cannot sue for interference. *Waddell*, 875 So.2d at 1154. This decision, rather than the older decision of the Eleventh Circuit, is the best indication of Alabama law, and forecloses liability.

Furthermore, both of those decisions are correct as matter of corporate governance. One does not expect a parent corporation, though a separate entity, to be uninterested in the business contracts of its subsidiary as to which the parent corporation is the chief shareholder. In such an instance, the interests of the parent and subsidiary are inextricably intertwined, and the parent is not to be viewed as a stranger to the business transaction.

## CONCLUSIONS

Therefore, the Court will grant summary judgment to Defendant Whirlpool, dismissing Count One with prejudice.

OK to e-file:


Dated in Kalamazoo, MI:           /s/Richard Alan Enslen
September 19, 2006               Richard Alan Enslen
                                 Senior United States District Judge