UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WHITESELL CORPORATION,

    Plaintiff,

Case No. 1:05-CV-679

v.

Hon. Richard Alan Enslen

WHIRLPOOL CORPORATION, *et al.*,

**ORDER**

    Defendants.
_____/

    This matter is before the Court on Plaintiff Whitesell Corporation's Statement of Appeal regarding Magistrate Judge Ellen S. Carmody's Order of October 30, 2006 denying Whitesell Corporation's Motion for Reconsideration. Upon review of the briefing, the Court determines that oral argument is unnecessary. *See* W.D. LCivR 7.3(d) & 72.3(d).

    Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

    Upon such review of the Order of October 30, 2006, this Court determines that the Order was not clearly erroneous or contrary to law. The Order is challenged on the basis that the Magistrate Judge should have delayed the release of the information until later in the case so that deponents in

discovery would not alter their testimony due to the information in the taped recordings.  While this is a reasonable argument on its face, its application in this circumstance is problematic.  First of all, the objection to the disclosure of the testimony was raised belatedly (after Whitesell Corporation ("Whitesell") had agreed to disclose the materials without reservation), and is properly deemed waived.  Second, the case law cited in support of Whitesell's position, involving impeachment evidence, is not clearly applicable because the taped recordings can equally be characterized as substantive evidence.  (*See* Order of Oct. 30, 2006 at 2.)  *See Stamps v. Encore Receivable Mgmt., Inc.*, 232 F.R.D. 419, 423 (N.D. Ga. 2005).  Third, the question of whether to conduct "staged" discovery is a typical and discretionary case management decision.  *See* Fed. R. Civ. P. 16.  It is one that bears upon the significance of the suit, the scope of discovery, the materials and information sought in discovery, the character of the persons deposed, and many other factors.  The Magistrate Judge's decision that such staged discovery was unnecessary is typical of most case management (which seeks to streamline and expedite case preparation) and was not clearly erroneous.

      **THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Whitesell Corporation's Statement of Appeal (Dkt. No. 191) is **DENIED** and the Order of October 30, 2006 (Dkt. No. 190) is **AFFIRMED**.

DATED in Kalamazoo, MI:      /s/ Richard Alan Enslen  
    November 17, 2006      RICHARD ALAN ENSLEN  
      SENIOR UNITED STATES DISTRICT JUDGE