UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

      Plaintiff,

v.

WHIRLPOOL CORPORATION, *et. al.*,

      Defendants.
_____/

Case No. 1:05-cv-679

HON. RICHARD ALAN ENSLEN

**ORDER AND PRELIMINARY
INJUNCTION**

      This matter is before the Court on Defendant/Counter-Plaintiff Whirlpool Corporation's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 2, 2007. The Report recommended that Defendant/Counter-Plaintiff Whirlpool's Motion for Preliminary Injunction be granted, and that a preliminary injunction issue ordering Plaintiff/Counter-Defendant Whitesell Corporation to not terminate, suspend or interrupt the supply of parts to Whirlpool pending further order of the Court. In response, Whitesell filed a Motion to Strike Whirlpool's Objection, or, alternatively, a Motion for Additional Briefing and a Hearing. This Court now reviews the Report, Objection, Whitesell's Motion and pertinent portions of the record *de novo*. W.D. MICH. L.CIV.R. 72.3(b).

      Whirlpool's Objection argues that the Report included a statement inconsistent with the "operative portion of [the Magistrate Judge's] ruling" as well as Section 13.4 of the Strategic Alliance Agreement ("SAA") between Whirlpool and Whitesell. Specifically, on page 2 of the Report, the Magistrate Judge states that Whitesell is ordered not to terminate or interrupt the supply of parts to Whirlpool, "provided Whitesell has the appropriate parts in inventory," until the SAA terminates on December 31, 2007. Section 13.4 of the SAA provides in pertinent part that Whitesell

"shall continue to sell to Whirlpool such Items as Whirlpool may order" during the phase-out period. Section 13.7 of the SAA further emphasizes the importance of "continuity of supply to Whirlpool." Whitesell argues that the Objection should be stricken because it suggests a recommendation that is contrary to the Report.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  The only "pleadings" under the Federal Rules are complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. *Id.* 7(a).  "No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." *Id.*  It is axiomatic that an objection is not a "pleading" subject to a motion to strike.  *See* 2 James Wm. Moore et al., *Moore's Federal Practice,* ¶ 12.37(2) (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

Contrary to Whitesell's contention, a motion to strike is not the appropriate vehicle for challenging Whirlpool's Objections.  In light of the abundance of information in the record concerning this issue, this Court need not further delay the chance that Whitesell and Whirlpool may be able to reconcile their differences and will similarly deny Whitesell's Motion for Additional Briefing and a Hearing.

Nevertheless, Whitesell's underlying argument is correct—the Report contains irreconcilable language that cannot be read in harmony with other language in the Report.  As such, the Court must modify the Report only insofar as it purports to limit Whitesell's obligation to supply parts to Whirlpool based upon when it "has the appropriate parts in inventory."  Nowhere in the SAA is there

a provision allowing Whitesell to not supply parts to Whirlpool based upon the parts not being in Whitesell's inventory. Of vital importance to Whitesell, however, is what happens if Whitesell does not have inventory requested by Whirlpool, especially if Whirlpool's request is unforeseeable. For these reasons, the Court must modify the Report and craft an order that juxtaposes these competing interests while upholding the spirit of the SAA to the greatest extent possible.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant's Motion to Strike or Motion for Additional Briefing and a Hearing (Dkt. No. 289) is **DENIED**, Defendant/Counter-Plaintiff's Objection (Dkt. No. 284) is **DENIED**, and the Report and Recommendation (Dkt. No. 278) is **ADOPTED AS MODIFIED HEREIN**.

**IT IS FURTHER ORDERED** that Defendant/Counter-Plaintiff Whirlpool Corporation's Motion for Preliminary Injunction (Dkt. No. 250) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Whitesell Corporation is **ENJOINED** from arbitrarily suspending the supply of parts to Whirlpool or arbitrarily interfering with the supply of parts to Whirlpool Corporation. The Court reserves the question as to which party bears responsibility if Whitesell does not have parts in inventory that Whirlpool orders.

**IT IS FURTHER ORDERED** that Whirlpool must provide to Whitesell, by September 26, 2007, its best estimate of inventory needs through December 31, 2007.

**IT IS FURTHER ORDERED** that Whitesell must provide to Whirlpool, by October 10, 2007, its best estimates of inventory in stock or in process under the SAA.

DATED in Kalamazoo, MI:  
    September 11, 2007

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE