UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,                    Case No. 1:05-cv-679

    Plaintiff,                                    HON. RICHARD ALAN ENSLEN

v.

WHIRLPOOL CORPORATION, *et. al.*,
                                         **ORDER**

    Defendants.
_____/

    This matter is before the Court on Plaintiff Whitesell Corporation's Appeal from Magistrate Judge Ellen S. Carmody's Order of September 6, 2007, which, *inter alia*, denied Whitesell's discovery request that Defendant Whirlpool Corporation produce certain documents pursuant to Federal Rule of Civil Procedure 26(b)(3). (Dkt. No. 313.) The Court reviews the Appeal, Defendants' Response, and pertinent portions of the record. Upon review of the briefing, the Court determines that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.3(d) & 72.3(d).

    Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876–77 (6th Cir. 1988). This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573–74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

    Upon review, it is clear that the Magistrate Judge's decision is not clearly erroneous or contrary to law. Plaintiff argues that the Magistrate Judge failed to consider or address whether the

requested discovery falls under the "substantial need" and "undue hardship" exception of Federal Rule of Civil Procedure 26(b)(3).[1]  While Plaintiff is correct that the Magistrate Judge's summary Order did not specifically address this argument,[2] the argument was nevertheless adequately dealt with at the hearings of June 8, 2007 and September 7, 2007.

For example, at the June 8, 2007 hearing, the Magistrate Judge clearly articulated her concern with granting Plaintiff's discovery request at that time:

> [Plaintiff has] addressed the work product issue in terms of saying that . . . [it has] established an exceptional need for [the discovery] in light of Mr. Hempe's [sic] suicide.  But it seems to me that in a case where you have not even taken one deposition I'm not inclined to find that you've established exceptional circumstances.  In other words, we don't know whether other people have knowledge of these investigations if they occurred.  We don't know whether other people were there with Sky Hempe [sic] when they occurred.  And it just seems to me that your motion is premature.

(Dkt. No. 272, Tr. 105.)  At the hearing of September 6, 2007, the Magistrate did not indicate any interest in reversing her previous decision on this issue.  (*See* Dkt. No. 317, Tr. 22–23.)  This makes practical sense since the parties had yet to take any depositions, which shows that Plaintiff's discovery request remained "premature."

---

[1]
> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this rule and prepared in anticipation of litigation or for trial . . . only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

[2]The full discussion of this issue in the Magistrate Judge's Order is as follows: "The documents regarding Sky Hempy submitted for *in camera* review are subject to attorney/client and work product privilege and will not be ordered produced."  (Dkt. No. 313.)

Although the Court fully adopts the Magistrate Judge's decision and reasoning reflected in the above-mentioned hearing transcripts and the Order of September 6, 2007, the Court notes that it interprets the Magistrate Judge's decision as not absolutely final. The Court reads the Magistrate Judge's decision as stating that Plaintiff may again have an opportunity to request the discovery at issue from Defendants after depositions have been taken and the discovery request is no longer "premature." This is, of course, provided that Plaintiff is unable to obtain the "substantial equivalent" of the discovery through depositions, or through other means, as well as meets all other requirements of Federal Rule of Civil Procedure 26(b).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Whitesell Corporation's Appeal from Magistrate Judge Ellen S. Carmody's Order of September 6, 2007 (Dkt. No. 318) is **DENIED** and the Order of September 6, 2007 (Dkt. No. 313) is **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 5, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |