UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

       Plaintiff,

v.

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

       Defendants,

and

WHIRLPOOL CORPORATION,

       Counter-Plaintiff,

v.

WHITESELL CORPORATION,

       Counter-Defendant.
_____/

## OPINION

This matter is before the Court on Defendant and Counter-Plaintiff Whirlpool Corporation's motion for partial summary judgment on Plaintiff and Counter-Defendant Whitesell Corporation's claim for lost profits (Dkt. No. 434). As part of its motion, Defendant asks this Court to declare a provision limiting Defendant's breach of contract liability contained in Defendant's purchase orders (the "liability limitation") enforceable as

a matter of law, and thereby preclude all of Plaintiff's claims for lost profits. (Dkt. No. 435, Def.'s Mot. 8-9, 12-14.) Plaintiff has not moved to have the liability limitation declared unenforceable as a matter of law. However, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). On September 4, 2009, this Court notified Defendant that it should come forward with all of its evidence tending to show that the liability limitation is not unenforceable as a matter of law. (Dkt. No. 561, 09/04/2009 Order.) For the reasons that follow, this Court will grant summary judgment in favor of Plaintiff declaring the liability limitation unenforceable as a matter of law.

**I. Factual Background**

On March 15, 2002, the parties jointly executed a "Strategic Alliance Agreement" ("2002 SAA"). The 2002 SAA required Defendant to purchase all of Defendant's requirements for certain categories of "fasteners" (screws, nails, nuts, bolts, etc.) from Plaintiff over the term of the 2002 SAA. Defendant used boilerplate purchase orders to solicit these fasteners from Plaintiff. The purchase orders contained a provision stating:

> In no event shall Buyer be liable to Seller for anticipated profits or for incidental or consequential damages for a claim of any kind, or for any loss or damage arising out of or in connection with this agreement, or from any performance or breach, termination or expiration of this agreement or any order.

(Dkt. No. 434, Def.'s Mot. Summ. J. Ex. 7 ¶ 20.)

2

## II. Law and Analysis

Mich. Comp. Laws § 440.2719 permits parties to "limit or alter the measure of damages recoverable under [the Michigan Commercial Code]." Comment 1, however, provides that "it is the very essence of a sales contract that at least minimum adequate remedies be available." *Id.* at cmt. 1. Furthermore, "there must be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract." *Id.* Comment 1 provides that provisions impermissibly limiting liability are stricken from the agreement and replaced by the remedies provided by the Michigan Commercial Code. *Id.*

In pertinent part, the liability limitation in Defendant's purchase orders provides that "in no event shall [Defendant] be liable to [Plaintiff] for . . . any . . . damage arising . . . from any . . . breach . . . of [the 2002 SAA]."[1] (Dkt. No. 434, Def.'s Mot. Summ. J. Ex. 7 ¶ 20.) Paragraph 20 attempts to deprive Plaintiff of all remedies, including direct damages.[2] Because ¶ 20 does not provide Plaintiff with a "minimum adequate remed[y]" or "a fair quantum of remedy," it violates § 440.2719. It must be stricken from the agreement and

---

[1] Defendant argues the liability limitation can reasonably be read to exclude only anticipated profits, consequential and incidental damages, and when a contractual provision admits of two reasonable interpretations, the court should favor an interpretation that does not invalidate the provision. (Dkt. No. 566, Def.'s Resp. 5-6.) The Court holds, however, that the only reasonable interpretation of ¶ 20 is that it disclaims liability for "any loss or damage," and not just consequential and incidental loss or damage.

[2] Defendant argues that three other contractual provisions provide Plaintiff with the "minimum adequate remedies" necessary to permit this Court to enforce ¶ 20 without violating § 440.2719. (Dkt. No. 566, Def.'s Resp. 6-7.) None of these remedies, however, permits Plaintiff to recover any damages for Defendant's mere failure to purchase items from Plaintiff prior to the phase-out period. For a breach of this nature, therefore, ¶ 20 deprives Plaintiff of "minimum adequate remedies."

replaced by the contractual remedies provided by the Michigan Commercial Code, including the right of a seller to seek lost profits for breach of contract. Mich. Comp. Laws § 440.2708.

Defendant argues that, for a liability limitation to be invalid under § 440.2719, it must be both substantively and procedurally unconscionable. (Dkt. No. 566, Resp. 3-5.) Section 440.2719 does not require, though, that a provision that disclaims all contractual liability be procedurally unconscionable for it to be unenforceable. It requires only that such a provision deprive a party of "minimum adequate remedies" for it to be unenforceable. Under § 2719(3), a limitation on consequential damages will only be unenforceable if it is unconscionable. But the provision at hand disclaims liability for all damages, not just consequential damages, and so § 2719(3) does not apply.

### III. Conclusion

Under Mich. Comp. Laws § 440.2719, a contractual provision is invalid if it deprives a contracting party of "minimum adequate remedies." The liability limiting provision contained in Defendant's purchase orders violates § 440.2719 by disclaiming Defendant's liability for "any loss or damage" arising from Defendant's breach of the 2002 SAA. The provision is therefore unenforceable as a matter of law.

An order consistent with this opinion will be entered.

Dated: October 13, 2009                    /s/ Robert Holmes Bell
                                                                           ROBERT HOLMES BELL
                                                                           UNITED STATES DISTRICT JUDGE