UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **OPINION**

This matter is before the Court on Plaintiff and Counter-Defendant Whitesell Corporation's motion for partial summary judgment on most of Count I and Count II of Defendant and Counter-Plaintiff Whirlpool Corporation's counterclaims (Dkt. No. 433). In Counts I and II of its counterclaims, Defendant asserted nineteen different breach of contract claims against Plaintiff. (Dkt. No. 62, Countercl. ¶¶ 45, 52.) Plaintiff filed a motion for

partial summary judgment on twelve of these claims. (Dkt. No. 433, Pl.'s Mot. Summ. J. 3-4.) In its response to Plaintiff's motion for summary judgment, Defendant withdrew its breach of contract claim with respect to eleven of the claims that were the subject of Plaintiff's motion for summary judgment, as well as seven claims contained in Defendant's counterclaim for which Plaintiff did not move for summary judgment. (Dkt. No. 463, Def.'s Resp. 5-6). Plaintiff's motion for summary judgment on the eleven breach of contract claims that Defendant has withdrawn will be denied as moot. Plaintiff's motion for summary judgment on the one breach of contract claim that Defendant has not withdrawn, Defendant's claim that Plaintiff failed to comply with Section 4.7 of the 2002 Strategic Alliance Agreement, the "Most Favored Nation" clause, will be granted for the reasons that follow.

## I. Factual Background

On March 15, 2002, the parties jointly executed a "Strategic Alliance Agreement" ("2002 SAA"). Generally, the 2002 SAA required Defendant to purchase all of its requirements for certain categories of "fasteners" (screws, nails, nuts, bolts, etc.) from Plaintiff over the term of the agreement.

Section 4.7 of the 2002 SAA required Plaintiff to sell fasteners to Defendant at prices equal to or less than the lowest price given to Defendant's competitors for comparable items (the "Most Favored Nation," or "MFN," provision). (2002 SAA § 4.7.) Plaintiff does not currently dispute that it failed to comply with the MFN provision. Plaintiff's current motion for summary judgment is based on Defendant's failure to provide notice to Plaintiff that

2

Defendant considered Plaintiff in breach of the MFN provision before Defendant filed its counterclaim for that breach on October 21, 2005. (Dkt. No. 433, Pl.'s Mot. Summ. J. 4, 8-9, 12-15; Dkt. No. 491, Pl.'s Reply 5-8.) Plaintiff asserts that the notice requirement is contained in Mich. Comp. Laws § 440.2607(3)(a).

**II. Law and Analysis**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In order to defeat a summary judgment motion, the nonmoving party "must show sufficient evidence to create a genuine issue of material fact." *Prebilich-Holland v. Gaylord Ent. Co.*, 297 F.3d 438, 442 (6th Cir. 2002) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990)).

According to Mich. Comp. Laws § 440.2607, where tender has been accepted,[1] "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Mich. Comp. Laws § 440.2607(3)(a); *see also Standard Alliance Ind., Inc. v. Black Clawson*, 587 F.2d 813, 825 (6th Cir. 1978). The term "any breach" applies to a breach that occurs because a seller allegedly charged the buyer a higher price for the goods than allowed under the contract, as

---

[1] A buyer accepts tender if it fails to reject tender. Mich. Comp. Laws § 440.2606. A buyer rejects tender only if it does so within a reasonable time after tender is made and "seasonably" notifies the seller of rejection. *Id.* at § 2602(1). There is no evidence, and Defendant does not suggest, that Defendant did not accept any of the deliveries made by Plaintiff.

3

is the case here. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 152 (6th Cir. 1983) (interpreting a notice requirement imposed by the Ohio Commercial Code that is identical to the Michigan provision). The notice requirement serves four purposes: (1) to prevent surprise and allow the seller an opportunity to cure the non-conformance; (2) to allow the seller a fair opportunity to investigate and prepare for litigation; (3) to open the way for settlement of claims through negotiation; (4) to protect the seller from stale claims and provide certainty in contractual arrangements. *Chainworks, Inc. v. Webco Indus., Inc.*, No. 1:05-cv-135, 2006 WL 461251, at *12 (W.D. Mich. Feb. 24, 2006). Courts should look to the reasons behind the notice requirement in assessing the adequacy of a seller's notice. *See id.* at *13.

The filing of the complaint does not constitute notice for purposes of the notice requirement. *E.g., Armco Steel Corp. v. Issacson Structural Steel Co.*, 611 P.2d 507, 512-13 (Ala. 1980); *Williams v. Mozark Fire Extinguisher Co.*, 888 S.W.2d 303, 305-306 (Ark. 1994). *But see Shooshanian v. Wagner*, 672 P.2d 455, 462-63 (Ala. 1983) (holding that the filing of a complaint may satisfy the notice requirement when the buyer is a consumer); *Bd. of Dirs. of Bay Point Condo. Ass'n, Inc. v. RML Corp.*, No. L 99-475, 2002 WL 31236310, at *20 (Va. Cir. Ct. Jan 28, 2002). Allowing the filing of the complaint to constitute the statutorily required notice of breach would not permit the seller an opportunity to cure the non-conformance, would not allow the seller a fair opportunity to investigate the claim, and would not allow for the settlement of claims through negotiation prior to litigation. Further,

4

allowing the filing of the complaint to constitute notice would render § 440.2607 virtually meaningless. Under § 440.2607, a buyer that fails to give notice is barred from any remedy. Many remedies, however, require the filing of a complaint, and so a buyer would still be entitled to all the remedies that require the filing of a complaint if it could use the complaint as notice.

Defendant argues that, if the filing of the counterclaim did not satisfy the notice requirement, the notice requirement does not apply to Defendant since Defendant did not have absolute knowledge that Plaintiff was selling items in breach of the agreement when Defendant filed the counterclaim.[2] (Dkt. No. 463, Def.'s Resp. 8-11.) Defendant argues that it became certain of the breach only after this Court ordered Plaintiff to allow Whirlpool employees to review pricing information for Defendant's competitors almost three years after the complaint was filed. (Dkt. No. 418, 11/12/2008 Order.)

---

[2] Defendant relies on Mich. Comp. Laws § 440.2607(2) and *Lofgren Constr. v. Ison*, No. 195076, 1998 WL 1997495 (Mich. Ct. App. Jan. 27, 1998), to argue that the notice requirement only applies when the buyer has knowledge of a non-conformity. (Dkt. No. 463, Def.'s Resp. 10.) Whirlpool's reliance on these authorities is misplaced. Both apply to whether a buyer can revoke acceptance of goods when the buyer knows that the goods are non-conforming at the time of the acceptance. Here Whirlpool is not arguing that it should be permitted to revoke acceptance of the goods, but that it should be excused from issuing notice of non-conformity, and so § 440.2607(2) and *Lofgren* do not apply. Mich. Comp. Laws § 2607(3)(a) dispels Whirlpool's contention that knowledge of the non-conformity at the time of acceptance is required for the notice requirement to apply by specifically requiring notice of breach "within a reasonable time after [buyer] discovers or reasonably should have discovered any breach." Thus, the notice requirement applies whenever a buyer accepts goods that are non-conforming whether the knowledge of the non-conformity is contemporaneous with or subsequent to the acceptance.

5

Section 2607(3) does not require, though, that a buyer have absolute knowledge of a breach before the notice requirement of § 2607(3) is implicated. *See Standard Alliance Indus., Inc. v. Black Clawson Co.*, 587 F.2d 813, 825 (6th Cir. 1978) ("The express language of the statute and the official comment mandate notice regardless of whether either or both parties had actual knowledge of breach."). It requires only that a buyer be certain enough that a breach has occurred to want to sue. To hold otherwise would permit a buyer to bring suit before giving notice of breach on the ground that the buyer was not absolutely certain of the breach prior to discovery. This would commonly permit buyers to circumvent the notice requirement, and, like allowing a complaint to serve as notice, it would frustrate the aforementioned purposes of the notice statute to permit the seller an opportunity to cure the non-conformance, allow the seller a fair opportunity to investigate the claim, and allow for the settlement of claims through negotiation prior to litigation. The existence of a breach is often uncertain, and often litigation is needed to confirm it, but this is no reason to disregard the notice requirement of § 440.2607(3). Because Defendant was certain enough that Plaintiff was in breach of the MFN provision to cause Defendant to file suit for this breach, Defendant knew enough about the breach to be required to provide notice to Plaintiff of the breach prior to filing suit.

Defendant also argues that, even if it was required to provide Plaintiff with notice of breach and the filing of the complaint did not constitute such notice, it did provide Plaintiff with notice of breach through several different correspondences addressing a variety of

6

product non-conformities. (Dkt. No. 463, Def.'s Resp. 11-15.) For example, on January 20, 2004, Defendant notified Plaintiff that Plaintiff failed to provide detailed box-level bar coding and failed to participate in Defendant's Integrated Supplier Management program as the agreement required, and that Defendant considered Plaintiff in breach for these violations. (*Id.* at Ex. 4.) Further, on several occasions Defendant notified Plaintiff that certain deliveries contained non-conforming items. (*Id.* at Ex. 6, 7, 8.) Defendant argues that these notices were sufficient to satisfy its notice obligation for the breach of the MFN provision since under Michigan law notice need only "inform[] the seller that the transaction is claimed to involve a breach." (*Id.* at 11-12 (citing Mich. Comp. Laws § 440.2607 cmt. 4).)

Defendant is correct to assert that this is a more lenient standard than that imposed by some courts. *Chainworks, Inc. v. Webco Indus., Inc.*, No. 1:05-cv-135, 2006 WL 461251, *12 (W.D. Mich. Feb. 24, 2006) ("[T]his court has previously expressly [held] that the strict view of notification was inconsistent with Michigan law, the official comments to the UCC, and the approach of the majority of states."). It is more lenient, however, because it permits a buyer to express general dissatisfaction with a transaction rather than requiring the buyer to expressly indicate that it considers the seller to be in breach of contract. (*Id.*) The more lenient standard does not permit a buyer to completely avoid identifying the grounds on which a subsequent lawsuit will be based.[3] To allow an objection based on one non-

---

[3] Comment 4 of § 2607 does provide that notice need not include "all the objections that will be relied on by the buyer," but none of the cases extend this proposition to allow notice of one non-conformity to satisfy the notice requirement for a lawsuit based on an altogether different non-conformity.

7

conformity to serve as notice for a subsequent lawsuit based on an altogether different non-conformity would not be consistent with the purposes of the notice requirement to allow the seller an opportunity to make recommendations on how to cure the non-conformity and to allow the seller a fair opportunity to investigate and prepare for litigation. A seller cannot cure a non-conformity that it does not know exists, nor can a seller adequately prepare itself for litigation regarding a claim that it does not know the buyer will make.

Because Defendant was required to notify Plaintiff that Defendant considered Plaintiff to be in breach of the MFN provision prior to filing suit for that claim, and because Defendant has not presented any evidence that it did provide such notice, Mich. Comp. Laws § 440.2607(3)(a) bars Defendant from "any remedy" for Plaintiff's alleged breach of the MFN provision. Accordingly, Plaintiff is entitled to summary judgment on Defendant's counterclaim for breach of the MFN provision.

An order consistent with this opinion will be entered.


Dated: October 13, 2009                  /s/ Robert Holmes Bell
                                                                   ROBERT HOLMES BELL
                                                                   UNITED STATES DISTRICT JUDGE