UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude the opinion testimony of Plaintiff Whitesell Corporation's expert witness, William J. Bradshaw (Dkt. No. 559). Defendant argues that portions of Mr. Bradshaw's testimony are not "based on sufficient facts or data," as required by Rule 702 of the Federal Rules of Evidence, and that this testimony should therefore be excluded as

unreliable. For the reasons that follow, the Court holds that Mr. Bradshaw's testimony is based on sufficient facts and data and that the testimony is not unreliable.

Defendant first moves to exclude Mr. Bradshaw's testimony relating to damages suffered by Plaintiff for Defendant's alleged breach of its promise to provide Plaintiff with an additional $5 million of business each year of the 2002 SAA. Defendant argues that Mr. Bradshaw erroneously failed to include any parts in Whirlpool commodity codes 497 and 503 in his determination of how far short Defendant fell of its obligation to provide Plaintiff with $5 million of business in addition to the Exhibit B parts each year, as required by Exhibit B-1 of the 2002 SAA (the "B-1 shortfall"). However, in his calculations, Mr. Bradshaw clearly includes parts in Whirlpool commodity codes 497 and 503 that Defendant offered to let Plaintiff supply in determining the B-1 shortfall.[1] (Dkt. No. 559, Ex. 1 Sch. 2A.) Thus, despite Mr. Bradshaw's testimony that any parts counting toward the $5 million requirement "would by definition have to be non-497, non-503 parts," Mr. Bradshaw properly included the 497 and 503 parts that appeared on the new business opportunity list when determining

---

[1] The Court has identified a total of sixteen parts falling within commodity codes 497 or 503 that Mr. Bradshaw used to determine the total dollar value of the parts Defendant offered to supply to Plaintiff as additional business opportunities. (Dkt. No. 559, Ex. 1 Sch. 2A.) Thus, Defendant cannot argue that Mr. Bradshaw only included parts outside of commodity codes 497 and 503 in determining the value of the parts that Defendant offered to let Plaintiff supply as new business opportunities. For example, part 1168744 is listed on Exhibit B-1. Part 1168744 is in Whirlpool commodity code 497. Mr. Bradshaw determined that Defendant offered to let Plaintiff supply this part to Defendant from 2003-2006. According to Mr. Bradshaw's calculations, part 1168744 provided Plaintiff with an additional business opportunity of $41,295.10 in 2003, $96,654.68 in 2004, $92,033.21 in 2005, and $8,509.56 in 2006. Mr. Bradshaw subtracted these amounts from the $5 million requirement to arrive at the B-1 shortfall for each year.

2

the dollar value of the new business that Defendant offered to Plaintiff each year. No faulty assumption contributed to this calculation.

Second, Defendant moves to exclude Mr. Bradshaw's testimony relating to damages suffered by Plaintiff for Defendant's alleged breach of its promise to provide an additional $5 million of business each year on the ground that Mr. Bradshaw did not subtract the total dollar value of part numbers 2196483, 2196485, and 62596 from the $5 million-a-year requirement to calculate the B-1 shortfall. Mr. Bradshaw was correct not to include these parts in his calculation of the B-1 shortfall. Defendant told Plaintiff that Plaintiff would not be permitted to supply these parts. (Dkt. No. 435, Def.'s Br. in Supp. Mot. Summ. J. Ex. 11; Dkt. No. 560, Def.'s Br. 9.) Defendant cannot consistently claim that these parts should have comprised part of the new business opportunity total when Defendant explicitly prohibited Plaintiff from supplying these parts.

Third, Defendant moves to exclude Mr. Bradshaw's testimony regarding damages for safety stock and damages during the phase-out period, essentially on the ground that Defendant did not breach the contract by purchasing safety stock from other suppliers or failing to purchase items from Plaintiff during the phase-out period, and that it was erroneous for Mr. Bradshaw to assume otherwise. However, as the Court noted in its opinion on Defendant's motion for summary judgment on Plaintiff's claim for lost profits (Dkt. No. 622), these are issues of material fact that must be resolved at trial. *See Avery Dennison Corp. v. Four Pillars Enter. Co.*, 45 F. App'x 479, 487 (6th Cir. 2002) (noting that where the

3

expert's assumptions are "central questions of liability in the case," the assumptions, as well as the expert's testimony, can be "properly presented to the jury"). If the trier of fact determines that Defendant did breach the contract with regard to safety stock and the phase-out period, Mr. Bradshaw's testimony will assist the trier of fact in assessing the extent of the damages, and sufficient facts and data appear to support his calculations.

Fourth, Defendant moves to exclude Mr. Bradshaw's testimony regarding Plaintiff's damages under the obsolescence provision on the ground that he improperly interpreted the obsolescence provision and failed to take into account certain quantity "thresholds" in performing calculations under that provision. However, as with Plaintiff's damages for safety stock and damages during the phase-out period, there are unanswered questions of fact that underlie Plaintiff's damages under the obsolescence provision. Mr. Bradshaw acknowledges the existence of these unanswered questions in his deposition testimony and indicates that his calculations are subject to revision as these questions are resolved. (Dkt. No. 560, Ex. 6 p. 307-08.) There is no evidence that Mr. Bradshaw's conclusions are based on any assumptions contrary to the facts as they have been established at this stage of the litigation. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993) ("Proposed testimony must be supported by appropriate validation- *i.e.*, 'good grounds,' *based on what is known*.") (emphasis added).

Finally, Defendant moves to exclude Mr. Bradshaw's testimony on the ground that, in formulating his calculations, he relied on certain other assumptions that are against the

evidence, such as the assumption that Plaintiff's profits margins from 2002-2007 were between 39.9% and 50.15% and the assumption that the phase-in period was 90 days from the effective date of the 2002 SAA. However, the Court finds that these assumptions, too, are based on "sufficient facts [and] data." Mr. Bradshaw indicates that he computed the profit margin for each year by "calculat[ing] annual margins based upon Whirlpool sales only less direct expenses incurred by Whitesell." (Dkt. No. 584, Ex. A at 11.) Additionally, the assumption pertaining to the 90 day phase-in period is based on information Mr. Bradshaw received from Mr. Whitesell. To the extent Defendant believes these assumptions are inaccurate, Defendant may cross-examine Mr. Bradshaw and/or conduct its own calculations. *See Daubert,* 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") However, exclusion of Mr. Bradshaw's testimony is not an appropriate course of action because Mr. Bradshaw's testimony is supported by sufficient facts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude the opinion testimony of William J. Bradshaw (Dkt. No. 559) is **DENIED**.


Dated: October 19, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE