UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

  Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

  Defendants,

and

WHIRLPOOL CORPORATION,

  Counter-Plaintiff,

v.

WHITESELL CORPORATION,

  Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION & ORDER**

  This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude the opinion testimony of Plaintiff Whitesell Corporation's expert witness, John Grey (Dkt. No. 577). Plaintiff retained Mr. Grey "to assess various fasteners and determine whether they were cold headed/cold formed and to make determinations regarding the redesign of some fasteners as to whether a new part number would have been

the industry normal practice or whether a revision to the existing number's print would have been more aligned with industry practice." (Dkt. No. 577, Def.'s Mot. Ex. 3 at 2). Mr. Grey's testimony appears to be probative of two of Plaintiff's claims for lost profits: (1) Plaintiff's claim for lost profits for parts not classified as Whirlpool commodity codes 497 and 503; and (2) Plaintiff's claim for lost profits for parts Defendant allegedly redesigned "to circumvent the agreement." On October 13, 2009, this Court granted summary judgment in favor of Defendant on both of these claims.[1] (Dkt. Nos. 621, 622 Op. & Order.) It thus appears to the Court that Mr. Grey's testimony no longer relates to "any fact that is of consequence to the determination of the action," and that his testimony is no longer relevant. Fed. R. Evid. 401. Thus, to the extent Mr. Grey's testimony is probative of Plaintiff's claims

---

[1]The Court granted summary judgment in favor of Defendant on these claims because it determined that Plaintiff had not presented sufficient evidence to support them. (Dkt. No. 621, Op. 6-7, 9-12.) The Court notes that Mr. Grey's testimony may have provided Plaintiff with sufficient evidence to withstand Defendant's motion for summary judgment on both of these claims. In granting Defendant's motion for summary judgment on these claims, however, the Court properly considered only the evidence introduced by Plaintiff in its response to Defendant's motion. *See* Fed. R. Civ. P. 56(e)(2) ("[The opposing party's] *response* must—by affidavit or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.") (emphasis added). Plaintiff did not refer to Mr. Grey's report in its response, nor did Plaintiff include an affidavit stating that it needed additional discovery to present facts to oppose the motion, as required by Fed. R. Civ. P. 56(f). (Dkt. No. 469, Pl.'s Resp.) While Defendant's motion was under consideration, Plaintiff did not at any point attempt to supplement its response to introduce Mr. Grey's report. Additionally, Plaintiff has not relied on Mr. Grey's report to request that this Court reconsider its entry of summary judgment in favor of Defendant on Plaintiff's claims for lost profits for non-497 and 503 parts and redesigned parts. In light of Plaintiff's numerous opportunities to invoke Mr. Grey's report in opposition to Defendant's motion, the Court does not now find it appropriate to revisit its decision to grant summary judgment in favor of Defendant on Plaintiff's claims for lost profits for non-497 and 503 parts and redesigned parts. *See, e.g.*, *Martin v. Lennox Intern. Inc.*, 892 F.2d 440, 444 (5th Cir. 1990) ("[T]he summary judgment procedure [would become] uncontrolled, if a court could not enforce some limits on the timely submission of appropriate evidence.").

2

for lost profits for cold-headed and threaded fasteners not within commodity codes 497 or 503 and parts that Defendant redesigned to "circumvent the agreement," the testimony is not admissible. Fed. R. Evid. 402.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude the opinion testimony of John J. Grey (Dkt. No. 577) is **DENIED** as moot.


Dated: October 20, 2009                /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE