UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff Whitesell Corporation's motion in limine to exclude certain testimony of Defendant Whirlpool Corporation's expert witness, Guy Avellon (Dkt. No. 564). On October 20, 2009, this Court entered a memorandum opinion and order denying Defendant's motion to exclude the testimony of Plaintiff's expert witness John Grey as moot (Dkt. No. 633). The Court determined that, to the extent Mr.

Grey's purported testimony was probative only of Plaintiff's claims for lost profits for parts outside the scope of Whirlpool commodity codes 497 and 503 and for parts Defendant redesigned to "circumvent the agreement," Mr. Grey's testimony was no longer relevant to any claim or defense in light of the Court's October 13, 2009, decision to grant summary judgment in favor of Defendant on both of these claims. (*Id.*) Defendant retained an expert witness, Guy Avellon, to rebut the testimony of Mr. Grey. It appears to the Court that, like Mr. Grey's testimony, Mr. Avellon's testimony is probative only of Plaintiff's claim for lost profits for non-497 and 503 parts and parts Defendant redesigned to "circumvent the agreement." It thus appears to the Court that Mr. Avellon's testimony is no longer relevant under Federal Rule of Evidence 401 and is inadmissible under Rule 402 of the same.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion in limine to exclude certain testimony of Defendant's expert witness Guy Avellon (Dkt. No. 564) is **DENIED** as moot.


Dated: October 20, 2009                  /s/ Robert Holmes Bell
                                                               ROBERT HOLMES BELL
                                                               UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Defendant has indicated that it will not offer Mr. Avellon's testimony if Mr. Grey does not testify. (Dkt. No. 594, Def.'s Resp. 2.) As noted in the Court's October 20, 2009, memorandum opinion and order, Mr. Grey is not permitted to testify if his testimony is not relevant to any of Plaintiff's live claims, as appears to be the case. (Dkt. No. 633, Op. & Order.)