UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude the testimony of Plaintiff Whitesell Corporation's witnesses regarding what they allegedly "learned through discovery" (Dkt. No. 609). For the reasons that follow, this motion will be denied.

In this motion in limine, Defendant "is seeking to preclude Neil Whitesell (or any other Whitesell witness) from testifying at the trial of this matter about what he (or others) 'learned through discovery.'" (Dkt. No. 609, Def.'s Mot. at 1.) Defendant directs the Court's attention to excerpts of Neil Whitesell's deposition testimony in which Mr. Whitesell appears to offer opinion testimony based on facts he "learned through discovery" and of which he may not have had personal knowledge. (*Id.* at Ex. 1.) Defendant's motion is based on Rule 602 of the Federal Rules of Evidence, which requires that lay opinion testimony be based on a witness' "personal knowledge of the matter."

If, and when, during trial, Mr. Whitesell, or any other lay witness, offers opinion testimony based on facts "learned through discovery" of which the witness does not have personal knowledge, the Court invites Defendant to make a proper objection at that time. The Court acknowledges that lay opinion testimony based on facts of which a witness does not have personal knowledge is inadmissible under Rule 602, but opts to reserve its decision to exclude such testimony until Plaintiff attempts to introduce it. Upon proper objection at trial, the Court may require the offering party to introduce "sufficient [evidence] to support a finding that the witness has personal knowledge of the matter," in accordance with Rule 602.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude the testimony of Whitesell witnesses regarding what they allegedly "learned through discovery" (Dkt. No. 609) is **DENIED** without prejudice.

Dated: October 22, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

2