UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude (1) evidence of any alleged breach of the 1995 Strategic Alliance Agreement ("SAA") and (2) evidence pertaining to Defendant's treatment of other suppliers (Dkt. No. 607). For the reasons that follow, this motion will be denied.

In this motion, Defendant asks the Court to preclude Plaintiff from introducing any

and all evidence pertaining to Defendant's performance under a prior contract between the parties and to Defendant's treatment of suppliers other than Plaintiff. Defendant argues that these two categories of evidence are not relevant to any of the claims or defenses still in contention in this matter.

The Court does not agree that all evidence of the parties' prior contractual relationship and of Whirlpool's arrangements with other suppliers is conclusively irrelevant to the matter at hand. Several questions of fact remain unresolved with respect to the interpretation of ambiguous contractual provisions. For instance, the jury will be asked to determine Plaintiff's obligations under the TCP provision, Defendant's obligations during the phase-out period, Defendant's obligations under the "trial parts" provision, Defendant's right to purchase safety-stock from suppliers other than Plaintiff, and Defendant's obligations under Exhibit C-1 of the 2002 SAA.

When contractual language is ambiguous, a fact-finder's primary objective is to ascertain the intentions of the parties. *Klapp v. United Ins. Group Agency, Inc.*, 663 N.W.2d 447, 454 (Mich. 2003). A fact-finder is permitted to consider a wide variety of evidence that may shed light on the meaning of an ambiguous provision, including extrinsic evidence that tends to reflect the shared understanding of the parties. *Id.* ("In resolving such a question of fact, i.e., the interpretation of a contract whose language is ambiguous, the jury is to consider relevant extrinsic evidence."); *Penzien v. Dielectric Prods. Eng'g Co., Inc.*, 132 N.W.2d 130, 132 (Mich. 1965). To the extent evidence of prior arrangements between the two parties and

between Defendant and other suppliers sheds light on the meaning of the ambiguous provisions of the 2002 SAA, that evidence is relevant and admissible, unless disqualified by another rule of evidence.

Further, under the Michigan Commercial Code, evidence of a course of dealing or usage of trade is permitted, not only to clarify ambiguous contractual terms, but to supplement the terms of a contract. Mich. Comp. Laws § 440.1205(3). A course of dealing is "a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." Mich. Comp. Laws § 440.1205(1). Evidence of a prior contractual arrangement between Plaintiff and Defendant can be used to establish a course of dealing between the two parties. *Dart Bank v. Byrum*, No. 277581, 2008 WL 2514183, at *2 (Mich. Ct. App. June 24, 2008) (unpublished) ("[T]he UCC provides that when parties have previously been involved in 'a particular transaction,' 'a sequence of previous conduct' between them can serve 'as establishing a common basis of understanding' and as a tool for 'interpreting their expressions' embodied in a new or subsequent contract.") (citations omitted). A usage of trade is "any practice or method of dealing having such regularity of observance in a place, vocation or trade as to justify an expectation that it will be observed with respect to the transaction in question." Mich. Comp. Laws § 440.1205(2). Contractual arrangements between Defendant and other suppliers can be used to establish a usage of trade within the appliance production industry. *See Ambassador Steel Co. v. Ewlad Steel Co.*, 190 N.W.2d 275, 279 (Mich. Ct. App. 1971).

The Court also disagrees with Defendant that Rule 403 of the Federal Rules of Evidence requires the categorical exclusion of all evidence pertaining to the prior agreement between the parties and to agreements between Defendant and other suppliers. The Court is confident that the jury will be able to adequately compartmentalize the issues, but if a particular piece of evidence does, in fact, run the risk of violating Rule 403, the Court invites Defendant to make a proper objection contemporaneous to the introduction of that evidence.

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude (1) evidence of any alleged breach of the 1995 SAA and (2) evidence pertaining to Defendant's treatment of other suppliers (Dkt. No. 607) is **DENIED**.

Dated: October 27, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE