UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude certain evidence regarding Plaintiff Whitesell Corporation's obsolescence and phase-out claims (Dkt. No. 605). For the reasons that follow, this motion will be denied.

    In this motion, Defendant asks the Court to preclude Plaintiff from "introducing any

evidence of its obsolescence or phase-out claims beyond the evidence that [Plaintiff] had produced as of the date of the corporate designee deposition" on July 13, 2009. (Dkt. No. 605, Def.'s Mot. 8.) Defendant argues that Plaintiff "is bound by the testimony of its 30(b)(6) designee and cannot 'fix' that testimony through the belated production of new information." (*Id.* at 6.) Defendant relies on a series of cases that stand for the proposition that a corporation is bound by the testimony of its 30(b)(6) witness. However, although the testimony of a 30(b)(6) designee may be binding on the corporation, the Court does not agree that 30(b)(6) testimony precludes the introduction all other evidence that relates to the designee's testimony, inconsistent or not. *Pedroza v. Lomas Auto Mall, Inc.*, No. CIV 07-0591, 2009 U.S. Dist. LEXIS 46552, at *23-25 (D.N.M April 6, 2009) ("Nothing in rule 30(b)(6)'s language . . . indicates that, aside from officially speaking for the organization, the representative's testimony is somehow treated differently than others' testimony. Any fact witness may say one thing at a deposition and another at trial."); *U.S. v. Taylor*, 166 F.R.D. 356, 362 n.6 (M.D.N.C. 1996) ("When the Court indicates that the Rule 30(b)(6) designee gives a statement or opinion binding on the corporation, this does not mean that said statement is tantamount to a judicial admission. Rather, just as in the deposition of individuals, it is only a statement of the corporate person which, if altered, may be explained and explored through cross-examination as to why the opinion or statement was altered."); *W.R. Grace & Co. v. Viskase Corp.*, No. 90-C-5383, 1991 U.S. Dist. LEXIS 14651, at *5-6 (N.D. Ill. Oct. 15, 1991) ("It is true that a corporation is 'bound' by its Rule 30(b)(6) testimony, in the same sense that any individual . . . would be 'bound' by his or her testimony

2

. . . . Deposition testimony is simply evidence [that] may be explained or contradicted.")[1]

Plaintiff's obsolescence claim requires copious amounts of product information that Plaintiff was not required or expected to possess at the early stages of this proceeding. The Federal Rules of Civil Procedure not only permit but encourage parties to revise and update information throughout the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(e)(1). To the extent evidence of Plaintiff's obsolescence and phase-out claims offered at trial contradicts the testimony and exhibits offered during the 30(b)(6) deposition, Defendant can use that deposition testimony for impeachment purposes, and in this sense Plaintiff is "bound" by it. To the extent evidence of Plaintiff's obsolescence and phase-out claims offered at trial merely clarifies and updates the testimony and exhibits offered during the 30(b)(6) deposition, no rule of evidence or civil procedure requires its exclusion on that basis alone.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude certain evidence regarding Plaintiff's obsolescence and phase-out claims (Dkt. No. 605) is **DENIED**.

Dated: October 30, 2009     /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

---

[1]To the extent that the decision in *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82 (D.D.C. 1998), directly conflicts with the cited cases, the Court believes that the cited cases take the better approach. The fact that a corporation is bound by the testimony of its designee does not also compel the conclusion that no contradictory evidence is permissible.

3