UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WHITESELL CORPORATION,

      Plaintiff,

                                    Case No. 1:05-CV-679

v.

                                    HON. ROBERT HOLMES BELL

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

      Defendants,

and

WHIRLPOOL CORPORATION,

      Counter-Plaintiff,

v.

WHITESELL CORPORATION,

      Counter-Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Whirlpool Corporation's motion

for reconsideration of the Court's opinion and order dated October 13, 2009, or, in the

alternative, to amend the Court's order dated October 13, 2009, to permit an interlocutory

appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 650.) For the reasons that follow, this

motion will be denied.

"Generally . . . motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a). In its October 13, 2009, opinion, this Court addressed two of the issues presented by Defendant's present motion, namely, Defendant's argument that ¶ 20 of Whirlpool's purchase orders does not, in fact, disclaim liability for "any loss or damage arising out of or in connection with [the 2002 SAA]," and Defendant's argument that a liability limitation must be both procedurally and substantively unconscionable for it to be invalid under Mich. Comp. Laws § 440.2719. (Dkt. No. 611, 10/13/2009 Op.) The Court previously rejected both arguments and will not now reconsider them.

Defendant also argues that even if certain portions of ¶ 20 can fairly be read as eliminating all of Whirlpool's liability, only those portions of ¶ 20 should be stricken, and the limitation on incidental and consequential damages should be left intact. Defendant raises this argument for the first time in its motion for reconsideration. "A motion for reconsideration may not generally be used to raise issues that could have been raised in the previous motion," and the Court finds this reason alone to be a sufficient basis on which to deny Defendant's present motion. *ITT Corp. v. Borgwarner Inc.*, No. 1:05-CV-674, 2009 WL 2611219, at *1 (W.D. Mich. Aug. 24, 2009) (Bell, J.); *see also Phifer v. City of Grand Rapids,* No. 1:08-CV-665, 2009 WL 3273241, at *1 (W.D. Mich. Oct. 9, 2009); *Aero-Motive Co. v. Great Am. Ins.*, 302 F. Supp. 2d 738, 740 (W.D. Mich. 2003).

In any event, the Court finds Defendant's argument unavailing. Comment 1 of Mich. Comp. Laws § 440.2719 provides that "any clause purporting to modify or limit the remedial

provisions of this Article in an unconscionable[1] manner is subject to deletion and in that

event the remedies made available by this Article are applicable as if the stricken clause had

never existed."  The Michigan Commercial Code itself does not define the word "clause."

However, Mich. Comp. Laws § 8.3a directs that:

> all words and phrases shall be construed and understood
> according to the common and approved usage of the langugage;
> but technical words and phrases, and such as may have acquired
> a peculiar and appropriate meaning in the law, shall be
> construed and understood according to such peculiar and
> appropriate meaning.

In determining the meaning of legal terms, Michigan law permits reference to a legal

dictionary.  *Ford Motor Co. v. City of Woodhaven*, 716 N.W.2d 247, 255 (Mich. 2006).

Black's law dictionary defines "clause" as "a distinct section or provision of a legal

document or instrument."  Black's Law Dictionary 285 (9th ed. 2009); *see also* Webster's

Third New International Dictionary 417 (1986) (defining "clause" as "a distinct article,

stipulation, or proviso in a formal document").  The term clause is intended to encompass

more than just narrow groupings of words separated by commas, at least when the term is

---

[1]Though, as discussed above, the Court does not find it appropriate to now reconsider Defendant's argument that a disclaimer of "any loss or damage" must be procedurally unconscionable for it to be unenforceable under Section 2719, the Court notes that it interprets the use of the word "unconscionable" in this sentence to refer to substantive unconscionability alone.  Such a reading is consistent with the requirements in Comment 1 that "there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract," and "at least minimum adequate remedies be available." In other words, according to Comment 1, a clause that is not procedurally unconscionable but that eliminates all liability still deprives a party of "minimum adequate remedies" and is therefore invalid.

used in reference to legal documents such as contracts. It would be unreasonable for the Court to conclude that ¶ 20 is anything other than one self-contained contractual "clause," as that term is contemplated by the Michigan Commercial Code. Because ¶ 20 disclaims liability for "any loss or damage arising out of or in connection with the [2002 SAA]," and thus deprives Plaintiff of "minimum adequate remedies," the entirety of ¶ 20 is "subject to deletion," and replaced by the remedies provided by the Michigan Commercial Code, including the right of a seller to seek lost profits for breach of contract. Mich. Comp. Laws § 440.2708.

Defendant also asks that the Court amend its October 13, 2009, order to permit an interlocutory appeal. A district court may certify an order for interlocutory appeal when it believes that the order involves a question of law as to which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Court does not believe that either its October 23, 2009 opinion and order or its present order involves a question of law as to which there is "substantial ground for difference of opinion."

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for reconsideration or, in the alternative, to amend the Court's order (Dkt. No. 650) is **DENIED**.


Dated: <u>October 30, 2009</u>                                   /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  UNITED STATES DISTRICT JUDGE