UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Whitesell Corporation's motion for reconsideration of its motion in limine regarding the testimony of John Grey (Dkt. No. 636). For the reasons that follow, this motion will be granted.

On July 14, 2008, Plaintiff provided Defendant with its answers to Defendant's fourth set of interrogatories. (Dkt. No. 657, Ex. 1.) Interrogatory numbers 4 and 5 asked Plaintiff

to identify by part number each part that Plaintiff claims should have been, but was not, assigned to Whirlpool Commodity Codes 497 or 503. Plaintiff presented a list of ninety-two "potentially responsive part numbers." (*Id.* at Ex. 2.) On January 16, 2009, Defendant filed a motion for summary judgment on Plaintiff's claim for lost profits for cold-headed and threaded parts that were not within Whirlpool commodity codes 497 and 503 on the ground that the "intended scope" of the 2002 SAA extended only to 497 and 503 parts and did not include parts outside of those commodity codes, even if they were cold-headed or threaded. (Dkt. No. 435, Def.'s Br. 4-5, 15.) Defendant used Plaintiff's answer to Defendant's interrogatory to identify thirty-nine parts for which the only basis for Plaintiff's claim for lost profits could be that they were cold-headed or threaded and that the "intended scope" of the agreement extended to such parts. (*Id.* at Ex. 10.) Plaintiff filed its response to Defendant's motion on March 2, 2009. (Dkt. No. 466.)

On March 16, 2009, while Defendant's motion for summary judgment was pending, Plaintiff submitted the report of an expert witness, John Grey, in which Mr. Grey analyzed sixteen fasteners to determine whether they were created by a cold-headed or cold-formed process. The Court determined that Mr. Grey's testimony was relevant to two of Plaintiff's claims for lost profits: (1) Plaintiff's claim for lost profits for parts not classified as Whirlpool commodity codes 497 and 503; and (2) Plaintiff's claim for lost profits for parts Defendant allegedly redesigned "to circumvent the agreement," another claim for which Defendant had moved for summary judgment. (Dkt. No. 633.)

On October 13, 2009, the Court granted Defendant's motion for summary judgment on Plaintiff's claim for lost profits for non-497 and 503 parts on the ground that, even if the contract did extend to all cold-headed and threaded parts, regardless of the commodity code, Plaintiff had failed to present evidence in its response that the thirty-nine parts that were the subject of Defendant's motion were, in fact, cold-headed or threaded. (Dkt. No. 621, 5-6.) In the same opinion, the Court also granted summary judgment in favor of Defendant on Plaintiff's claim for lost profits for parts that Defendant allegedly redesigned "to circumvent the agreement." (*Id.* at 9-12.) On October 20, 2009, in light of its October 13 opinion, the Court determined that Mr. Grey's testimony was no longer relevant to any claim or defense still in contention. (Dkt. No. 633.) However, the Court's October 20 decision was based on the erroneous assumption that the thirty-nine non-497/503 parts for which Defendant had moved for summary judgment, and which were the subject of the Court's October 13, 2009, opinion and order, were all of the parts for which Plaintiff was claiming lost profits on the ground that they were cold-headed or threaded and that the "intended scope" of the agreement extended to such parts. Though Mr. Grey examined two of the parts that were on the list of thirty-nine, he also examined fourteen additional non-497/503 parts that were not on the list and determined that they were created by a cold-forming process. Plaintiff is claiming lost profits for thirteen of these fourteen parts (the "thirteen parts").[1] The Court's erroneous assumption regarding the scope of Defendant's motion for summary judgment and

---

[1] The thirteen parts are: 240185; 3400306; 3400818; 8317937; 8533830; 8572983; W10129563; W10137322; W10139761; W10139100; W10140652; W10142650; W10142728.

3

the Court's October 13 opinion was a "palpable defect by which the Court and the parties have been mislead [sic]," and "a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Mr. Grey's testimony is relevant to Plaintiff's claim for lost profits for the thirteen parts.

Defendant argues that the only reason that Plaintiff's claim for lost profits for the thirteen parts was not subject to Defendant's motion for summary judgment, or this Court's October 13 opinion and order granting that motion, was because Plaintiff failed to update its July 14, 2008, answer to Defendant's interrogatories to reflect Plaintiff's claim for lost profits for these parts, as Plaintiff was required to do under Rule 26(e) of the Federal Rules of Civil Procedure. According to Defendant, had Plaintiff updated its answers, Defendant would have amended its motion for summary judgment to encompass the thirteen parts. However, Rule 26(e) requires that a party supplement its response only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P 26(e)(1)(A). Defendant became aware that Plaintiff was claiming lost profits for the thirteen parts, as well as the grounds on which Plaintiff was claiming lost profits for these parts, when Plaintiff submitted Mr. Grey's report on March 16, 2009, and so Plaintiff was not required to file a formal amendment to its answer to Defendant's interrogatory.[2] Defendant could have amended its motion for summary

---

[2] Not only did Defendant become aware of Plaintiff's lost profits claim for the thirteen parts, and the basis for that claim, by March 16, 2009, Defendant retained an expert witness, Guy Avellon, to rebut the evidence that Plaintiff intended to offer to support the claim. (Dkt. No. 565, Ex. 2.) Though Plaintiff is permitted to pursue a claim for lost profits for the thirteen parts for the reasons set forth herein, the Court also notes that, because Defendant has contemplated, and even prepared, a defense to this claim, Defendant will not be prejudiced by the Court's decision on this motion.

judgment any time between the date that Defendant knew Plaintiff was claiming lost profits for the thirteen parts and October 13, 2009, the date on which the Court ruled on the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of its motion in limine regarding the testimony of John Grey (Dkt. No. 636) is **GRANTED**. The Court hereby vacates its October 20, 2009 opinion and order denying as moot Defendant's motion in limine to exclude the opinion testimony of John Grey (Dkt. No. 633). The Court also vacates it October 20, 2009 opinion and order denying as moot Plaintiff's motion in limine to exclude certain testimony of Defendant's expert witness, Guy Avellon, (Dkt. No. 634) for the reasons set forth in this opinion. Opinions and orders addressing Defendant's motion in limine to exlcude the opinion testimony of John Grey (Dkt. No. 577) and Plaintiff's motion in limine to exclude certain testimony of Guy Avellon (Dkt. No. 564) are forthcoming.

Dated: November 3, 2009                    /s/ Robert Holmes Bell
                                           HON. ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE