# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WHITESELL CORPORATION,

        Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

        Defendants,

and

WHIRLPOOL CORPORATION,

        Counter-Plaintiff,

v.

WHITESELL CORPORATION,

        Counter-Defendant.

_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Whitesell Corporation's motion for

reconsideration of the Court's October 13, 2009, opinion and order regarding the thirty-nine

parts (Dkt. No. 638). For the reasons that follow, this motion will be granted.

On January 16, 2009, Defendant filed a motion for summary judgment on Plaintiff's

claim for lost profits for thirty-nine parts that were "not identified in Exhibit B (or B-1) to

the 2002 SAA, were not identified in any of the annual updates to Exhibit B, are not within commodity codes 497/503, and for which there is no evidence of a Purchase Order being issued to Whitesell." (Dkt. No. 434, 15.) Defendant argued that it was entitled to summary judgment for these thirty-nine parts because the "intended scope" of the 2002 SAA included only parts within Whirlpool commodity codes 497 and 503. Plaintiff argued that it was entitled to claim lost profits for these parts because the "intended scope" of the 2002 SAA actually extended to all cold-headed and threaded parts, regardless of the commodity code number assigned to any given part. On October 13, 2009, the Court granted summary judgment in favor of Defendant, not because it determined that the "intended scope" of the agreement was limited to only 497 and 503 parts, but because it determined that, even if the agreement did extend to all cold-headed and threaded parts, Plaintiff had not presented any evidence that the thirty-nine parts that were the subject of Defendant's motion were, in fact, cold-headed or threaded. (Dkt. No. 622, 5-7.)

On October 21, 2009, Plaintiff filed the present motion. Plaintiff asks this Court to reconsider its decision granting summary judgment in favor of Defendant on Plaintiff's claim for lost profits for two of the thirty-nine parts covered by the Court's October 13 order, parts 3180499 ("499") and 3180500 ("500"). Plaintiff argues that reconsideration of the October 13 opinion is appropriate because Plaintiff has now presented the report of fastener expert John J. Grey, which suggests that parts 499 and 500 are cold-headed.[1]

----

[1]Plaintiff asserts that, while the Court was considering Defendant's motion for summary
(continued...)

Generally, a motion for reconsideration is not the appropriate vehicle by which to present evidence in opposition to a previously filed, and granted, motion for summary judgment. *Macdermid Inc. v. Electrochemicals Inc.*, No. 96-3995, 96-4072, 1998 WL 165137, at *6 n.7 (6th Cir. Mar. 31, 1998) (unpublished); *Gerber v. Gariepy*, No. 93-3409, 1994 WL 362101, at *3 (6th Cir. July 12, 1994) (unpublished); *see also Med. Mut. of Ohio v. k. Amalia Enters. Inc.*, 548 F.3d 383, 394 n.8 (6th Cir. 2008). A court may require the party seeking reconsideration to offer a sufficient explanation for why the new evidence was not presented while the motion for summary judgment was pending. *Raum v. Norwood*, 93 F. App'x 693, 695 (6th Cir. 2004) (unpublished). Plaintiff argues that, although Mr. Grey completed his report on March 16, 2009, Plaintiff did not present it while Defendant's motion for summary judgment was pending because the Court directed the parties to focus

---

[1](...continued)

judgment, it "had before it Mr. Grey's report and other materials that it may properly consider under Fed. R. Civ. P. 56(c)." (Dkt. No. 638, 3.) The Court has not discovered any instance in which Plaintiff docketed, or otherwise made available, Mr. Grey's report prior to September 17, 2009, the date on which Defendant filed its motion in limine to exclude the opinion testimony of Mr. Grey. (Dkt. No. 577.) Plaintiff could not have realistically expected that this September 17 filing sufficiently presented Mr. Grey's report before the Court for consideration in the Court's decision on Defendant's summary judgment motion. First, Defendant, not Plaintiff, submitted the report, which was attached as an exhibit to a filing that made no reference to, and, in fact, was entirely unrelated to, the pending motion for summary judgment. Second, the report, and the motion to which it was attached, was filed six full months after the report was written at a time when the Court's efforts were focused primarily on the six pending motions for summary judgment rather than the motions filed in anticipation of the upcoming trial. Third, even if the Court had discovered the report prior to ruling on Defendant's motion, the Court would have had to cross-reference all the parts covered by the report with the parts that were the subject of Defendant's motion for summary judgment. The Court is not required to "sift through the record in search of evidence," and even if it was, it likely would not have discovered Mr. Grey's report under these circumstances. *Doddy v. Oxy USA*, 101 F.3d 448, 463 (5th Cir. 1996); *see also Guarino v. Brookfield Tp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992).

their oral arguments during the September 24, 2009, summary judgment hearing on a collection of issues unrelated to Mr. Grey's report. (Dkt. No. 587.) Plaintiff made no effort to alert the Court as to the existence of Mr. Grey's report at any point prior to the September 24 hearing, and the Court is not entirely convinced that Plaintiff would have introduced it during the hearing. Nevertheless, reconsideration of the October 13 order, as it applies to parts 499 and 500, is appropriate in this case because it will not prejudice Defendant or greatly vary the issues to be addressed during trial.

To succeed on its claim for lost profits for parts 499 and 500, Plaintiff must establish that the agreement extends to all cold-headed and threaded fasteners regardless of their commodity codes, and that parts 499 and 500 are, in fact, cold-headed or threaded. Whether the agreement extends to all cold-headed and threaded fasteners is an issue that will be litigated regardless of the outcome of this motion. Even though the Court granted summary judgment in favor of Defendant on Plaintiff's claim for lost profits for thirty-nine non-497/503 parts, Plaintiff is still claiming lost profits for thirteen additional parts on the sole ground that they are cold-headed or threaded and that the "intended scope" of the agreement extends to such parts. Defendant's defense to Plaintiff's claim regarding the "intended scope" of the agreement will not change regardless of whether the claim includes thirteen or fifteen parts. Conversely, whether parts 499 and 500 are cold-headed is an issue for which Defendant will need a separate defense. However, Defendant has already prepared this defense, at least in part. Defendant has in its possession the expert report of Guy Avellon to

rebut the testimony of Mr. Grey that parts 499 and 500 were cold-headed. For these reasons, it does not appear that the reconsideration of the Court's October 13 order as it applies to parts 499 and 500 will impose a significant additional burden on Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of the Court's October 13, 2009, opinion and order regarding the 39 parts (Dkt. No. 638) is **GRANTED**. The Court vacates its October 13, 2009 order (Dkt. No. 622), but only to the extent that order granted summary judgment in favor of Defendant on Plaintiff's claim for lost profits for parts 3180499 and 3180500.

Dated: <u>November 3, 2009</u>                    /s/ Robert Holmes Bell
                                                HON. ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE