UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on reconsideration of Defendant Whirlpool Corporation's motion in limine to exclude the opinion testimony of Plaintiff Whitesell Corporation's expert witness, John Grey (Dkt. No. 577). On November 3, 2009, pursuant to a motion for reconsideration filed by Plaintiff, the Court vacated its October 20, 2009, decision denying Defendant's motion in limine as moot (Dkt. No. 665). For the reasons that follow, this motion will again be denied.

On March 16, 2009, John Grey issued a report in which he examined sixteen parts and provided an opinion as to whether they were cold-headed or threaded. Defendant first argues that Mr. Grey's testimony should be excluded because the parts that were the subject of Mr. Grey's report were parts that were pre-selected by Plaintiff's corporate designee to receive Mr. Grey's attention. To the extent this argument suggests that Mr. Grey should have analyzed each and every part used by Defendant in appliance production to individually isolate those that he believed were cold-headed, this argument is untenable and it mischaracterizes the capacity in which Mr. Grey has been called to testify. Plaintiff seeks lost profits for a limited universe of part numbers due to Plaintiff's suspicion that certain Whirlpool parts not classified as within commodity codes 497 and 503 were cold-headed or threaded. Plaintiff required the opinion of an expert to confirm or deny this suspicion. It would not make sense to require Plaintiff's expert to render an opinion as to the forming process used to create parts for which Plaintiff was not asserting a claim for lost profits or for which Plaintiff had no suspicion that they were cold-headed or threaded. That Mr. Grey only examined the parts that Plaintiff asked him to examine does not in itself amount to a "failure to conduct an independent analysis," suggest Mr. Grey is acting as Plaintiff's "mouthpiece," or make Mr. Grey's testimony unreliable.[1]

---

[1] The case relied on by Defendant, *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409 (S.D.N.Y. 2009), is distinguishable. In *Arista*, the expert formed his opinion "by simply accepting what [his sponsor] told him." *Id.* at 424. In this case, after Plaintiff's corporate designee provided Mr. Grey with the list of parts that were actually in dispute, there is no evidence that Mr. Grey simply accepted their status as cold-headed parts. To the contrary, Mr. Grey's report suggests that he conducted significant independent analysis. (Dkt. 577, Def.'s Mot. Ex. 3.)

2

Defendant next argues that Mr. Grey's testimony should be excluded because Mr. Grey is not an expert on Whirlpool commodity codes. The Court agrees, as does Mr. Grey, that Mr. Grey is not an expert on Whirlpool commodity codes. (Dkt. No. 577, Ex. 6 p. 9.) Nevertheless, on several occasions in his report, Mr. Grey purports to offer an opinion that a certain part could have and should have been assigned to Whirlpool commodity code 503. (Dkt. No. 577, Def.'s Mot. Ex. 3 pp. 4, 7, 9, 10.) The Court suspects that Mr. Grey unwittingly and unfortunately used an opinion that a certain part was cold-headed interchangeably with an opinion that a certain part "could/should have been a 503" because Whirlpool's internal documents have indicated that the numerical code 503 is designated "cold-headed." (Dkt. 599, Pl.'s Resp. Ex. 1.) However, Defendant has indicated that, according to its system of commodity code designation, not all cold-headed fasteners end up in code 503, as some fasteners may appropriately fall within more than one numerical category. (Dkt. No. 493, Def.'s Reply 4.) Because Mr. Grey is not familiar with Defendant's system of part classification, Mr. Grey is not qualified to testify as to whether certain parts "could/should have been a 503." However, this holding in no way restricts Mr. Grey's ability to testify as to whether certain parts are cold-headed, a subject Mr. Grey is qualified to discuss and an issue that "fits" Plaintiff's claim for lost profits for non-497 and 503 parts on the ground that the "intended scope" of the agreement was all cold-headed and threaded fasteners.[2] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (requiring

---

[2] Defendant also argues that Mr. Grey's lack of knowledge regarding Defendant's system of part classification also disqualifies him to testify about "redesigned" parts. On October 13, 2009, the Court granted summary judgment on Plaintiff's claim for lost profits for parts Plaintiff "redesigned" to circumvent the agreement (Dkt. No. 622), and so the Court presumes that this testimony is no longer relevant and that this argument is therefore moot.

that expert testimony "fit" the facts of the case).

Finally, Defendant argues that Mr. Grey's testimony should be excluded under Rule 403 of the Federal Rules of Evidence. The Court disagrees. The probative value of Mr. Grey's testimony is strong, as Plaintiff must establish that the parts covered by Mr. Grey's report are cold-headed to succeed on its claim for lost profits. Additionally, the Court struggles to see any potential for confusion of the issues or unfair prejudice, let alone confusion or prejudice so "substantial" that it would require disqualification of the testimony under Rule 403.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude the opinion testimony of John J. Grey (Dkt. No. 577) is **DENIED**. However, the Court instructs that Mr. Grey's testimony refer only to the forming process used to create a particular part and avoid testimony relating to the Whirlpool commodity code to which a particular part could have or should have been assigned.


Dated: <u>November 4, 2009</u>           /s/ Robert Holmes Bell
                                          HON. ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE