UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on reconsideration of Defendant Whirlpool Corporation's motion for partial summary judgment on Plaintiff Whitesell Corporation's claim for lost profits for part numbers 3180499 ("499") and 3180500 ("500") (Dkt. No. 434). On October 13, 2009, this Court granted summary judgment in favor of Defendant on Plaintiff's claim for lost profits for part numbers 499 and 500, among others. (Dkt. No. 622.)

On November 3, 2009, this Court granted Plaintiff's motion for reconsideration of the October 13 opinion and order, but only to the extent that order granted summary judgment in favor of Defendant on Plaintiff's claim for lost profits for parts 499 and 500. (Dkt. No. 666.) For the reasons that follow, Defendant's motion for summary judgment on Plaintiff's claim for lost profits for parts 499 and 500 will now be denied.

Section 1 of the 2002 SAA defined the "intended scope" of the agreement as "Whirlpool Commodity Codes 497 (Threaded Fasteners) and 503 (Cold-Headed [Fasteners])." The parties agree that Defendant was required to purchase from Plaintiff its requirements for all parts that fell within the "intended scope" of the 2002 SAA in existence at the execution of the agreement, with the exception of the parts listed on Exhibits B-1 and B-2 of the 2002 SAA. The parties dispute, however, whether the "intended scope" of the agreement was limited only to those parts classified as Whirlpool commodity codes 497 and 503, or whether it extended to all threaded and cold-headed parts, regardless of the commodity code assigned to a particular part.

Defendant argues that the plain language of Section 1 limits Defendant's purchase requirements to only those parts falling within numerical Whirlpool commodity codes 497 and 503. Plaintiff argues that it would not make sense to limit Defendant's purchase obligations to only those items falling within Whirlpool commodity codes 497 and 503 because, under this interpretation, Whirlpool could completely control its purchase obligations since Whirlpool retained the absolute power to assign a commodity code number

to each part it used in appliance production. Plaintiff further argues that the "intended scope" of the agreement extends to all the parts within the descriptive phrases following the numerical codes, "Cold-Headed [Fasteners]" and "Threaded Fasteners," and presents evidence that parts 499 and 500, though not within commodity codes 497 or 503, are cold-headed.

"When deciding a motion for summary disposition in a claim for breach of contract, a court may interpret the contract only where the terms are clear. If the terms are ambiguous, a factual development is necessary to determine the intent of the parties, and summary disposition is inappropriate." *Michaels v. Amway Corp.*, 522 N.W.2d 703, 706 (Mich. Ct. App. 1994). "Contract language is ambiguous if it is subject to two reasonable interpretations." *Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996). Whether the "intended scope" of the agreement is limited only to those parts classified as Whirlpool commodity codes 497 and 503, or whether it extends to all threaded and cold-headed parts, regardless of the commodity code, is an ambiguous question of contract interpretation that should be decided by a jury. The contract can reasonably be read to support either interpretation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment on Plaintiff's claim for lost profits for part numbers 3180499 and 3180500 (Dkt. No. 434) is **DENIED**.


Dated: November 4, 2009				/s/ Robert Holmes Bell
						HON. ROBERT HOLMES BELL
						UNITED STATES DISTRICT JUDGE