UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

       Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

       Defendants,

and

WHIRLPOOL CORPORATION,

       Counter-Plaintiff,

v.

WHITESELL CORPORATION,

       Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on reconsideration of Plaintiff Whitesell Corporation's motion in limine to exclude certain testimony of Defendant Whirlpool Corporation's expert witness, Guy Avellon (Dkt. No. 564). On November 3, 2009, pursuant to a motion for reconsideration filed by Plaintiff, the Court vacated its October 20, 2009, decision denying Plaintiff's motion in limine as moot (Dkt. No. 665). For the reasons that follow, this motion will now be granted.

On December 23, 2008, the deadline for identifying expert witnesses, Plaintiff notified Defendant that it intended to use the testimony of fastener expert John Grey in support of its claim for lost profits. (Dkt. No. 565, Pl.'s Mot. Ex. 11.) On January 20, 2009, the deadline for identifying rebuttal experts, Defendant notified Plaintiff that it intended to call expert Guy Avellon to rebut the testimony of Mr. Grey. (*Id.* at Ex. 12.) Because the deadline for naming non-rebuttal experts had passed when Defendant named Mr. Avellon as an expert, Mr. Avellon is competent to testify only in a rebuttal capacity. *See id.* at Ex. 10; *see also TC Sys. Inc. v. Town of Colonie*, 213 F. Supp. 2d 171, 179 (N.D.N.Y 2002).

Because Mr. Avellon is a rebuttal expert, Mr. Avellon's testimony may not extend beyond the subject matter of Mr. Grey's testimony. *City of Gary v. Shafer*, No. 2:07-CV-56-PRC, 2009 WL 1370997, at *5 (N.D. Ind. May 13, 2009); *La Haye v. Galvin Flying Serv., Inc.*, No. C01-0982L, 2003 WL 25774658, at *1 (W.D. Wash. Mar. 5, 2003); *TC Sys.*, 213 F. Supp. 2d at 179-80; *Poly-America, Inc. v. Serrot Intern., Inc.*, No. CIV.A. 300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002). Mr. Avellon's expert report includes "an objective opinion on the process of assigning commodity codes," as well as a discussion of whether "there are any anomalies with Whirlpool's method of coding Vs part description [sic] which may be construed as inconsistent methods of assigning Commodity Codes." (Dkt. No. 565, Ex. 2.) Defendant argues that this testimony relates to the subject matter addressed by Mr. Grey because, on several occasions in his report, Mr. Grey offers an opinion as to whether a particular part could have and should have been assigned to a

2

particular commodity code, and thus Mr. Grey opens the door for all testimony relating to the process by which Defendant assigns commodity codes to part numbers. However, in its November 4, 2009, opinion on Defendant's motion in limine to exclude the opinion testimony of John Grey (Dkt. No. 667), the Court concluded that, because Mr. Grey is not an expert on the process by which Defendant assigns commodity codes to part numbers, Mr. Grey is not competent to testify that certain parts could have or should have been assigned to certain commodity codes. Mr. Grey's trial testimony will relate only to the forming process used to create certain parts, i.e., whether certain parts are cold-headed. Because a rebuttal witness may not testify to matters outside the scope of those addressed by the other party's witness, the preclusion of Mr. Grey's testimony regarding Defendant's system of assigning commodity codes compels the preclusion of Mr. Avellon's testimony regarding commodity code assignments as well. Like Mr. Grey, Mr. Avellon's trial testimony may relate only to the forming process used to create certain parts, i.e., whether certain parts are cold-headed.

Defendant also argues that, because Mr. Grey's testimony may not relate to Defendant's system of commodity code classification, Mr. Grey has no relevant testimony to offer. However, as stated above, Mr. Grey may still offer testimony relating to the forming process used to create certain parts. This testimony is not only relevant but necessary to Plaintiff's claim for lost profits for non-497 and 503 parts on the ground that those parts are cold-headed and that the "intended scope" of the agreement extends to all cold-headed parts.

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion in limine to exclude certain testimony of Defendant's expert witness Guy Avellon (Dkt. No. 564) is **GRANTED**. Mr. Avellon may not testify as to Whirlpool's process of assigning commodity codes, or as to whether "there are any anomalies with Whirlpool's method of coding Vs part description [sic] which may be construed as inconsistent methods of assigning Commodity Codes."


Dated: November 4, 2009                     /s/ Robert Holmes Bell
                                            HON. ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE