UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude parol evidence (Dkt. No. 606). For the reasons that follow, this motion will be denied.

Defendant asks this Court to "preclude Whitesell from introducing evidence of prior or contemporaneous statements or representations that vary or contradict the terms of the

2002 SAA." (Dkt. No. 606, 2.) Defendant also asserts that it "anticipates that Whitesell will seek to introduce evidence that Whirlpool made representations about parts on Exhibit B-2 being under contract with other suppliers" and "other representations allegedly made by Whirlpool, generally consistent with Whitesell's fraud claim," and that this evidence should be excluded because it is irrelevant. (*Id.* at 1.)

The Court reads Defendant's motion primarily as a request to enforce Rule 402 of the Federal Rules of Evidence, which prohibits the introduction of irrelevant evidence, and as a request to enforce Mich. Comp. Laws § 440.2202, which prohibits the introduction of parol evidence to vary the terms of an integrated agreement, subject to some exceptions. Defendant need not file a motion to ask the Court to enforce the law. Beyond broadly stating that the Court will honor Rule 402 and the parol evidence rule, Defendant's motion leaves little for this Court to decide at the present time. Defendant has not identified any particular piece of evidence to which the Court can fully and fairly apply Rule 402 and the parol evidence rule, taking into account all of the relevant inquires associated with the proper application of those two rules. *See* McCormick on Evidence § 52 (Kenneth S. Broun ed., 6th ed. 2006) (asserting that motions in limine are encouraged "[u]nless the resolution of the motion requires a prediction of the state of the evidence at the later trial"). Of course, Defendant is free to object to the admissibility of Plaintiff's evidence as Plaintiff attempts to introduce it during trial.

The one issue presented by Defendant's motion that does lend itself to resolution at this early stage is whether the 2002 SAA is a fully integrated or partially integrated agreement. While Mich. Comp. Laws § 440.2202 permits evidence of additional consistent terms to supplement or explain the terms of a partially integrated agreement, such evidence may not be used to supplement or explain the terms of a fully integrated agreement.[1] The 2002 SAA contains a merger clause which states:

> The parties acknowledge and agree that, although there are no oral agreements or understandings between them affecting the subject matter of this Agreement, the relationship between the parties is not, and will not be, governed exclusively by the terms of this Agreement, but may be governed by Purchase Orders, development agreements, EDI agreements and confidentiality agreements which agreements may exist as of the date of this Agreement or may be entered into during the term of this Agreement. The parties acknowledge and agree that all understandings of the parties hereto with regard to their relationship must be set forth in writing, and that no oral agreements shall be effective unless and until reduced to writing.

(2002 SAA § 16.2.) Thus, the integration clause itself acknowledges that the 2002 SAA is not a fully integrated agreement. Evidence of consistent additional terms may be used to supplement or explain the terms of the 2002 SAA. Nevertheless, evidence of *oral* additional terms, even if consistent, may *not* be used to supplement or explain the terms of the 2002

---

[1] Whether consistent additional terms may be used to explain or supplement a written agreement has no bearing on whether a course of dealing or usage of trade may be used to explain or supplement a written agreement, which is a different inquiry. Mich. Comp. Laws. 440.2202(a) provides that a course of dealing and usage of trade, as those terms are defined by the Michigan commercial code, may always be used to explain or supplement the terms of both partially and fully integrated agreements.

3

SAA, because the integration clause explicitly provides that any terms used to supplement the 2002 SAA must be reduced to writing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude to exclude parol evidence (Dkt. No. 606) is **DENIED** without prejudice.


Dated: November 4, 2009                               /s/ Robert Holmes Bell
                                                                                 HON. ROBERT HOLMES BELL
                                                                                 UNITED STATES DISTRICT JUDGE