UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
    _____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Whirlpool Corporation's motion in limine to exclude testimony of Neil Whitesell regarding "miscoded" parts (Dkt. No. 608). For the reasons that follow, this motion will be granted in part and denied in part.

Plaintiff seeks lost profits for fifteen non-497/503 parts on the ground that they were cold-headed and that the "intended scope" of the 2002 SAA extends to all cold-headed parts.

Defendant expects that, in support of this claim, Plaintiff will attempt to offer testimony from Neil Whitesell, Plaintiff's CEO, that the fifteen parts for which Plaintiff claims lost profits were cold-headed and that these parts were "miscoded."

Defendant first moves to exclude Mr. Whitesell's testimony on the ground that it is not relevant because the "intended scope" of the 2002 SAA included only parts within Whirlpool commodity codes 497 and 503. However, whether the "intended scope" of the 2002 SAA extended only to parts within codes 497 and 503, or whether it extended to all cold-headed and threaded parts, is an ambiguous question of contract interpretation that will be decided by the jury. Plaintiff's claim for lost profits for the fifteen parts depends not only on the jury's interpretation of the "intended scope" of the 2002 SAA, but on Plaintiff's ability to prove that the fifteen parts were, in fact, cold-headed, and Mr. Whitesell's testimony is relevant to this portion of Plaintiff's claim.

Defendant next moves to exclude Mr. Whitesell's testimony on the ground that testimony relating to the manufacturing process used to create certain parts requires "scientific, technical, or other specialized knowledge," and, thus, Rule 701 of the Federal Rules of Evidence prohibits Mr. Whitesell, a lay witness,[1] from offering this testimony. This limitation is imposed on lay testimony to prevent the parties from "evad[ing] the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee's note.

---

[1] Despite Mr. Whitesell's experience in manufacturing cold-headed and threaded fasteners, he was not designated as an expert witness in this matter.

However, Rule 701 does not preclude business owners, officers, and employees from offering testimony based on "particularized knowledge that the witness has by virtue of his or her position in the business." *Id.* This is because such testimony is not based on "scientific, technical, or specialized knowledge," as those terms are contemplated by Rule 701, but on the witness's personal experience in working with the subject matter of the testimony. *Id.* The advisory committee's note to Rule 701 relies on *United States v. Westbook*, 896 F.2d 330 (8th Cir. 1990), to illustrate this concept. In *Westbrook*, the government sought to have two lay witnesses testify that a particular substance was amphetamine. The Court held that this was a proper subject of lay testimony because, as heavy amphetamine users, the witnesses had personal knowledge of the appearance of the drug. *Id.* at 336.

Similarly, as a long-time employee of Whitesell Corporation, a company that specializes in the production of cold-headed and threaded fasteners, Mr. Whitesell is intimately familiar with the forming process used to create, and the appearance of, cold-headed and threaded fasteners. Mr. Whitesell is competent to provide lay testimony regarding the process used to create the fifteen parts for which Plaintiff claims lost profits, based on the appearance of those parts and other personal knowledge accumulated by Mr. Whitesell by virtue of his experience in the industry.

However, Defendant has also expressed concern that Mr. Whitesell will attempt to offer testimony that certain parts were "miscoded," i.e., that Defendant should have placed them in either Whirlpool commodity code 497 or 503 but did not. As Mr. Whitesell

indicated in his deposition testimony, his personal knowledge of fasteners and fastener production does not include an understanding of Whirlpool's system of assigning commodity codes to part numbers. (Dkt. No. 608, Ex. 2 p. 77-78.) Because Rule 701 requires that testimony of a lay witness be "rationally based on the perception of the witness," Mr. Whitesell may not testify as to a subject matter with which he has no understanding or familiarity. Thus, although Mr. Whitesell may offer opinion testimony that parts were cold-headed or threaded, Mr. Whitesell may not offer opinion testimony that parts were "miscoded," or any other testimony relating to Defendant's system of assigning commodity codes to part numbers.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine to exclude testimony of Neil Whitesell regarding "miscoded" parts (Dkt. No. 608) is **GRANTED IN PART** and **DENIED IN PART**. To the extent the motion seeks to preclude Mr. Whitesell from offering testimony relating to Defendant's system of assigning commodity codes to part numbers, the motion is **GRANTED**. To the extent the motion seeks to preclude Mr. Whitesell from offering testimony relating to the forming process used to create a particular part, the motion is **DENIED**.

Dated: <u>November 4, 2009</u>                      /s/ Robert Holmes Bell
                                                              HON. ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE