UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Whitesell Corporation's request to redact the transcript of the summary jury trial held on November 9, 10, and 12, 2009, (Dkt. No. 686) and motion to seal or strike the jury verdict from the public record (Dkt. No. 687).

Pursuant to the Court's Policy and Procedure Regarding Electronic Availability of Transcripts, redaction requests generally seek the removal of specific personal information

including Social Security numbers, names of minor children, financial account numbers, dates of birth, and home addresses. Policy & P. Regard'g Elec. Avail. of Trs., Admin. Order No. 08-071 (W.D. Mich. May 15, 2008). Because Plaintiff's request to redact the transcript of the summary jury trial seeks removal of the entire transcript from the public record, it is more appropriately considered a motion to seal under Local Civil Rule 10.6, which may be granted upon a showing of good cause. W.D. Mich. LCivR 10.6.

Summary jury trials are settlement tools. *See* W.D. Mich. LCivR 16.2(a); *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 854 F.2d 900, 904 (6th Cir. 1988) ("At every turn the summary jury trial is designed to facilitate pretrial settlement of the litigation, much like a settlement conference."). As compromise negotiations, conduct and statements made in the course of a summary jury trial are not admissible during a subsequent trial to prove liability or to impeach through a prior inconsistent statement. Fed. R. Evid. 408; W.D. Mich. LCivR 16.2(d). The Court was optimistic that the summary jury trial would bring an expeditious and mutually satisfactory resolution to this matter, but when this hope proved unfounded, the usefulness of the summary jury trial to the Court and the parties ran its course. For this reason, and in light of the risk of unfair prejudice and confusion that may result from public access to the summary jury trial transcript and verdict, the Court is satisfied that Plaintiff has shown good cause to seal the summary jury trial transcript and verdict. *See Cincinnati Gas*, 854 F.2d 900 (upholding a district court's decision to limit public access to summary jury trial proceedings in part because, as a settlement tool, a summary jury trial is of little public consequence).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to redact the transcript of the summary jury trial (Dkt. No. 686), construed as a motion to seal the transcript of the summary jury trial, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal the verdict of the summary jury trial (Dkt. No. 687) is **GRANTED**.

**IT IS FURTHER ORDERED** that volumes I-III of the summary jury trial transcript (Dkt. Nos. 682, 683, 684) and the verdict rendered in the summary jury trial (Dkt. No. 675) shall be filed under seal, and that the cover sheets identifying these documents as sealed shall refer to this order.

Dated: January 5, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE