UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
                                     /

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Whitesell Corporation's motion for an order admitting statements made by Sky Hempy between January 1, 2004, and July 29, 2004,[1]

---

[1] Plaintiff's motion actually asks the Court to admit statements made by Mr. Hempy between January 1, 2004, and February of 2005. However, because the Court has already decided that statements made by Mr. Hempy between July 29, 2004, and February of 2005, are admissible (Dkt. No. 652), the time period that is the proper focus of Plaintiff's motion is that between January 1, 2004, and July 29, 2004.

regarding Whirlpool's compliance with the 2002 SAA. (Dkt. No. 672.) In its order denying Whirlpool Corporation's motion in limine to exclude hearsay statements of Sky Hempy, the Court noted that statements made by Mr. Hempy between July 29, 2004, and February of 2005, the time period during which Mr. Hempy was associated with Whirlpool's "Fastner SSD" project, fell within the hearsay exclusion for party admissions because during this time period "Mr. Hempy's job description enabled him to influence the fastener suppliers with which Defendant did business." (Dkt. No. 652, 10/27/2009 Order 6.) Plaintiff argues that, because John Mott attended a meeting about the Fastener SSD project in 2003, statements by Mr. Hempy made as early as January 1, 2004, should be admitted under the hearsay exclusion in Rule 801(d)(2)(D). However, the Court is not convinced that the 2003 meeting marked the actual commencement of the Fastner SSD project or in any other way conferred on Mr. Hempy any authority to influence the fastener suppliers with which Defendant did business — authority that is required for the 801(d)(2)(D) exclusion to apply. (Dkt. No. 562, 10/27/2007 Order 3-5.) Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Whitesell Corporation's motion for an order admitting statements made by Sky Hempy between January 1, 2004, and July 29, 2004, regarding Whirlpool's compliance with the 2002 SAA (Dkt. No. 672) is **DENIED**.

Dated: January 21, 2010          /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE