UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

       Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

       Defendants,

and

WHIRLPOOL CORPORATION,

       Counter-Plaintiff,

v.

WHITESELL CORPORATION,

       Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Whitesell Corporation's motion for clarification of the Court's October 13, 2009, opinion granting in part and denying in part Defendant Whirlpool Corporation's motion for partial summary judgment on Count III of its counterclaim. (Dkt. No. 689.) In its October 13, 2009, opinion, the Court held that:

> The contract unambiguously required Plaintiff to satisfy the TCP requirement
> for 2007. Plaintiff has acknowledged that it did not submit any TCP proposals

> for that year. Defendant is entitled to summary judgment on Defendant's claim that Plaintiff failed to satisfy the TCP requirement for 2007. However, there are issues of fact surrounding whether and to what extent Defendant was damaged by Plaintiff's breach of the TCP requirement for 2007.

(Dkt. No. 617, 10/13/2009 Op. 7.)

Plaintiff argues that, because a showing of damages is a necessary element in a breach-of-contract claim, the jury should not be instructed that Plaintiff "breached" the TCP provision in 2007. Rather, according to Plaintiff, the jury should be instructed that Plaintiff "did not submit a TCP report in 2007 without legal justification." (Dkt. No. 689, Pl.'s Mot. 1.)

Black's Law Dictionary defines "breach of contract" as a "[v]iolation of a contractual obligation by failing to perform one's own promise . . . ." While the cases cited by Plaintiff do support the proposition that a party may not succeed on a breach of contract claim without a showing of damages, whether a party is entitled to succeed on a breach of contract claim is a different question than whether a party breached a contract "by failing to perform [its] promise." When Plaintiff failed to submit a TCP report in 2007, as it promised it would, Plaintiff breached the TCP provision. Defendant will not be permitted to recover on its claim for this breach without a showing of damages, but the absence of damages is immaterial to whether Plaintiff failed to fulfill its promise, or "breached" the contract. *See also* M. Civ. J. I. § 140.01 (acknowledging that whether a party breached a contract and whether that breach created damages are two separate inquiries); Restatement (Second) of Contracts § 236 cmt. a (1979) (noting the distinction between a breach and a claim for damages for the breach

2

by asserting that "every breach gives rise to a claim for damages"). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for clarification (Dkt. No. 689) is **DENIED**. The jury will be instructed that Plaintiff breached the TCP provision for 2007 by failing to submit a TCP proposal as promised, but that the question of whether Defendant suffered any damages because of this breach, and to what extent, has been reserved for jury determination.


Dated: January 22, 2010          /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE