UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

       Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

       Defendants,

and

WHIRLPOOL CORPORATION,

       Counter-Plaintiff,

v.

WHITESELL CORPORATION,

       Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Whitesell Corporation's motion to strike the new opinions and schedules of Defendant Whirlpool Corporation's financial expert, Richard Bero, disclosed on January 18, 2010. (Dkt. No. 693.)

"Absent a stipulation or a court order," expert reports are due "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(C). For an expert report properly submitted, "[a]ny additions or changes to [the information contained in the report] must be disclosed by

the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Although pre-trial disclosures under Rule 26(a)(3) are generally due thirty days before trial, Fed. R. Civ. P. 26(a)(3)(B), in this case the parties amicably agreed to exchange pre-trial disclosures seven days before trial, or January 18, 2010.[1] On January 18, 2010, Defendant submitted to Plaintiff an "updated" version of the expert report prepared by Defendant's damages expert Richard Bero, the original version of which was submitted May 11, 2009. Thus, the timeliness of Mr. Bero's final report depends on whether it supplements his original report or whether it conveys entirely new opinions that should have been submitted at least 90 days before trial under Rule 26(a)(2)(C).

This is not a case where Mr. Bero's January 18 report represents such an extreme departure from the opinions originally expressed that it should be classified as an altogether new report. Rather, information contained in the January 18 report previously not disclosed falls squarely within the purview of supplementary information gleaned throughout the course of legitimate trial preparation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike the new opinions and schedules of Defendant's financial expert, Richard Bero, (Dkt. No. 693) is **DENIED**.

Dated: January 25, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

---

[1] Rule 26(a)(3)(B) generally requires a court order to alter the thirty day time limit, but it is not the prerogative of the Court, nor was the Court ever asked, to disrupt the parties' understanding pertaining to the pre-trial disclosure deadline.