UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

  Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

  Defendants,

and

WHIRLPOOL CORPORATION,

  Counter-Plaintiff,

v.

WHITESELL CORPORATION,

  Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

  This matter is before the Court on Defendant Whirlpool Corporation's motion for a partial directed verdict. (Dkt. No. 717.)

  Rule 50 of the Federal Rules of Civil Procedure provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>  (A) resolve the issue against the party; and

> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

The "issue" in this case, for purposes of Rule 50, is whether Defendant breached the 2002 SAA. This has been the central issue in this matter from day one. Plaintiff's complaint asserted a cause of action "for breach of the Strategic Alliance Agreement" (Dkt. No. 14, Am. Compl. ¶ 137); it did not assert a cause of action for breach of a contract to supply part number 2196483, breach of a contract to supply part number 8557888, breach of a contract to supply part number 62596, and so on. *See Taran Distrib., Inc. v. Ami, Inc.*, 237 F.2d 488, 489-92 (7th Cir. 1956) (looking to "the issues framed by the various counts [of the] complaint" to determine whether a directed verdict is appropriate).

This is not to say that an individualized breakdown of specific parts is not relevant or necessary. Because the question of whether Defendant breached the 2002 SAA is *illustrated* by Defendant's purchase habits with respect to individual parts, an individualized breakdown of specific parts is relevant and necessary to determine the extent of Plaintiff's damages.[1]

---

[1] The passage from the Court's February 3, 2010, memorandum opinion, quoted by Defendant during the February 5, 2010, hearing on Defendant's motion, is not inconsistent with the present opinion. The Court stated that, "for every part for which Plaintiff seeks lost profits, a threshold question is what contractual provision vests Plaintiff with supply rights for that part." (Dkt. No. 715.) Like the Court's opinions granting summary judgment in favor of Defendant on various claims (Dkt. Nos. 614, 616, 621), this statement merely conveys the unremarkable proposition that Plaintiff is not entitled to lost profits, or damages, for individual parts that Plaintiff was not permitted to supply under the agreement. However, the fact that Plaintiff may not be entitled to damages for certain specified parts has little to no bearing on whether Plaintiff has presented sufficient evidence to demonstrate a breach of the 2002 SAA as a whole.

However, an individualized breakdown of specific parts is not necessary to determine whether a reasonable jury would have a "legally sufficient evidentiary basis" to find for Plaintiff on the issue of whether Defendant breached the 2002 SSA —the gravamen of the case. The Court is satisfied that, throughout the nearly two weeks of trial testimony, Plaintiff has presented sufficient evidence to give a reasonable jury a legally sufficient evidentiary basis to find for Plaintiff on the issue of whether Defendant breached the 2002 SAA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a partial directed verdict (Dkt. No. 717) is **DENIED**.

Dated: February 8, 2010

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE