UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion under Fed. R. Civ. P. 50 for judgment as a matter of law on Defendant's counterclaim. (Dkt. No. 726.) Defendant has asserted a counterclaim against Plaintiff for breach of Section 6.1 of the 2002 SAA, the total cost productivity, or TCP, provision. The TCP provision required Plaintiff to develop and present to Defendant, during each year of the 2002 SAA, verifiable cost-saving proposals

expected to reduce Defendant's costs by 5% of the total value of the items purchased by Defendant under the 2002 SAA each year. Defendant expressly reserved the right to "determine whether such project[s] should be implemented." (Dkt. No. 440 Ex. 1 § 6.) Plaintiff argues that "a reasonable jury [does] not have a legally sufficient evidentiary basis" to find for Defendant on the issue of whether Defendant proved its claim for breach of the TCP provision because non-speculative damages are an element of all breach of contract claims and Defendant has presented only speculative evidence that it might have implemented the TCP proposals.

The Court concludes that, based on the entirety of the record, a reasonable jury does have a legally sufficient evidentiary basis to find for Defendant on the issue of whether Defendant suffered non-speculative damages from any alleged breach of the TCP provision by Plaintiff. Plaintiff is correct that "damages predicated on speculation and conjecture are not recoverable" under Michigan law. *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 706 N.W.2d 843, 852 (Mich. Ct. App. 2005). However, this does not mean that a party is required to prove damages with absolute certainty. *Id.* Instead, the rule is that the party asserting a breach of contract must prove damages with "reasonable certainty." *Alan Custom Homes, Inc. v. Krol*, 667 N.W.2d 379, 383 (Mich. Ct. App. 2003).

In support of its motion, Plaintiff presents trial testimony from Whirlpool employees Tom Egan and John Mott that Defendant did, in fact, retain sole discretion to determine whether to implement a given TCP proposal and that, on various occasions in the past,

Defendant decided not to implement certain TCP proposals. Though this evidence would bar a conclusion that Defendant was absolutely certain to implement the TCP programs that Plaintiff allegedly failed to present, Defendant's burden of proof is not that high. Defendant must only offer proof that it was reasonably certain to implement the programs that Plaintiff allegedly failed to present, and Mr. Egan and Mr. Mott's testimony is not fatal to this conclusion. Based on the entirety of the record, it is clear that Defendant has presented sufficient evidence for the jury to find with reasonable certainty that Defendant would have implemented the TCP proposals that Plaintiff allegedly failed to present.

Plaintiff also argues that, even if Defendant has shown, with the requisite level of certainty, that Defendant would have implemented the TCP proposals, the amount of savings that would have resulted from the proposals is also speculative. Defendant is apparently arguing that, even if a TCP proposal contemplates a 5% reduction in Whirlpool's costs, the actual cost reduction might turn out to be zero when the program is actually implemented, and for this reason the jury cannot find that Defendant has established non-speculative damages. However, the TCP provision explicitly requires that proposals be "based on reasonable, verifiable assumptions." (Dkt. No. 440 Ex. 1 § 6.1A.) The Court concludes that a proposal "based on reasonable, verifiable assumptions" is reasonably certain to result in the cost savings that it predicts, even if it ultimately does not. *See Severn v. Sperry Corp.*, 538 N.W.2d 50, 55 (Mich. Ct. App. 1995) ("[R]ecovery is not precluded simply because proof of the amount of damages is not mathematically precise.").

3

For the foregoing reasons, the Court concludes that based on the entirety of the record a reasonable jury does have a legally sufficient evidentiary basis to find for Defendant on the issue of whether Defendant was damaged by Plaintiff's alleged failure to submit TCP proposals. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for judgment as a matter of law (Dkt. No. 726) is **DENIED**.


Dated: February 16, 2010         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE