UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to amend/correct the judgment to include pre-judgment interest (Dkt. #746). Mich Comp. Laws § 600.6013(8) provides in pertinent part:

> [I]nterest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded

> annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs.

Defendant's response brief requires the Court to address whether, under § 600.6013(8), a prevailing party may recover interest dating back to the filing of the complaint on damages incurred after the filing of the complaint, or whether interest on damages incurred after the filing of the complaint accrues from the date on which the damages are actually incurred. In interpreting a state statute, a federal court sitting in diversity "must apply state law in accordance with the controlling decisions of the highest court of the state." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Though the Michigan Supreme Court has suggested that it favors a strict textual reading of the phrase "entire amount of the money judgment,"[1] it has not directly addressed the question presented here. When the state's highest court has not addressed an issue, the federal court "must attempt to ascertain how that court would rule if it were faced with the issue." *Kellman*, 197 F.3d 1178. In performing this "ventriloquial function," a district court is bound by the ordinary principles of stare decisis. *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)). Thus, when a Sixth Circuit panel has rendered a published decision anticipating how a state's highest court would address an issue, that decision is binding on this Court, "unless an intervening decision of the state's highest court has resolved the issue." *Id.*

---

[1] *See Ayar v. Foodland Distribs.*, 698 N.W.2d 875 (Mich. 2005); *Morales v. Auto-Owners Ins. Co.*, 672 N.W.2d 849 (Mich. 2003); *Buzzita v. Larizza Indus., Inc.*, 641 N.W.2d 593 (Mich. 2002) (Corrigan, C.J., concurring).

2

In *Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*, 221 F.3d 913 (6th Cir. 2000), the plaintiff recovered damages against the defendant for breach of a non-compete agreement. A portion of the damages award was attributable to breaches of the non-compete agreement that occurred prior to the filing of the complaint, and a portion of the award was attributable to breaches that occurred after the filing of the complaint. The plaintiff sought pre-judgment interest from the filing of the complaint on the entire award, but the defendant argued that interest should accrue on the damages attributable to breaches of the non-compete that occurred after the filing of the complaint only when the breaches actually occurred. The Sixth Circuit held that "Michigan law requires that prejudgment interest be calculated in this case on the entire judgment from the date the complaint was filed." *Id.* at 923. The court found it significant that "the breach of contract claim was alleged in the complaint and clearly arose before the complaint was filed," even though the defendant's "continued breach allegedly resulted in damages that did not accrue until after the complaint was filed." *Id.* at 924. Similarly, in this case Plaintiff's claim for breach of the 2002 SAA was alleged in the complaint and clearly arose before the complaint was filed, even though Defendant's continued breach resulted in damages that did not accrue until after the complaint was filed. No intervening decisions of the Michigan Supreme Court[2] can be read to cast doubt on the binding nature of this decision in the matter at hand. Defendant urges this Court to disregard

---

[2]Defendant cites numerous decisions of the Michigan Court of Appeals suggesting that interest does not accrue on damages incurred after the filing of the complaint until the damages are actually incurred. However, these cases pre-date *Perceptron* and they are not decisions of the Michigan Supreme Court.

*Perceptron* as contrary to public policy, but this Court simply does not have the authority to do so. *See Rutherford*, 575 F.3d at 619. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend/correct the judgment (Dkt. #746) is **GRANTED**. The judgment entered February 18, 2010 (Dkt. No. 743) shall be amended to reflect prejudgment interest as calculated in accordance with Mich. Comp. Laws § 600.6013(8) and the foregoing opinion.


Dated: <u>April 1, 2010</u>          /s/ Robert Holmes Bell  
                             ROBERT HOLMES BELL  
                             UNITED STATES DISTRICT JUDGE