UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

## **OPINION**

This matter is before the Court on Defendant's motion for a partial disallowance of Whitesell Corporation's bill of costs. (Dkt. No. 759.) Rule 54(d) of the Federal Rules of Civil Procedure states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Supreme Court has held that 28 U.S.C. § 1920 defines the term "costs" as used in Rule

54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 enumerates six categories of costs that may be taxed: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. The party opposing the clerk's taxation of costs—in this case, Whirlpool—bears the burden of persuading the Court that the expenses are either not allowable under § 1920, or that they are not "necessarily obtained for use in the case," if such necessity is required. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005); *see also Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) ("[Rule 54(d)] creates a presumption in favor of awarding costs to the prevailing party which [the non-prevailing party] must overcome."); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D. Fla. 2007) (placing the burden on "the party opposing taxation").

Plaintiff seeks to recover approximately ten categories of costs: (1) fees of the Clerk; (2) fees for service of summons and subpoena on witness Scott Thiele; (3) deposition transcripts; (4) trial transcripts; (5) summary jury trial exhibits; (6) jury trial exhibits; (7) fees for witness depositions; (8) fees for witnesses incurred in relation to the summary jury trial;

(9) fees for witnesses incurred in relation to the trial; and (10) fees for exemplification and copies. (Dkt. No. 751, Pl.'s Proposed Bill of Costs.) Defendant challenges all of these categories of claims for costs with the exception of the fees of the Clerk and the fees for the service of summons and subpoena on witness Scott Thiele.

*1. Deposition Transcripts*

Costs for deposition transcripts are allowable under 28 U.S.C. § 1920(2), but are subject to a necessity requirement. Defendant argues that, because Plaintiff deposed thirty-six different witnesses, but only called six live witnesses during trail, the majority of the depositions were not "necessarily obtained for use in the case." However, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *see also Javetz v. Bd. of Control, Grand Valley State Univ.*, 164 F.R.D. 447, 448 (W.D. Mich. 1996); *In re Kulicke & Soffa Indus., Inc., Sec. Litig.*, 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) ("Defendants will not be limited to recovery of costs for the deposition transcripts of individuals who testified at trial since effective trial preparation and the ability to respond adequately to plaintiff's pretrial motions depended in large part on the review of deposition testimony.").

The Court is not convinced that Defendant has satisfied its burden of showing that any of the depositions were unnecessary. At the time of the depositions, Defendant could have reasonably believed that each of its thirty-six witnesses would play an integral role in the

3

resolution of the case. Defendant's argument that the depositions were unnecessary because not all of the witnesses were called at trial is especially unpersuasive in light of the Court's decision to limit the amount of time given to each side to present its case (Dkt. No. 680), which necessarily limited the amount of witness testimony each side was able to offer during trial. At the time of the depositions, Plaintiff was not aware that it would be subject to the Court-imposed time limitation.

Defendant also argues that the costs associated with deposition testimony relating to pre-2002 matters should be disallowed. Again, at the time this deposition testimony was given, Plaintiff was not aware that the Court would limit the introduction of evidence of pre-2002 matters. Further, while the Court did hold that evidence of pre-2002 matters was largely inadmissable, it also recognized that evidence of the parties' relationship prior to 2002 could be used to clarify ambiguities in the 2002 SAA and to establish a course of dealing or a usage of trade between the parties. (Dkt. No. 653.) For these reasons, Defendant's pursuit of discovery related to pre-2002 matters was reasonably necessary to Plaintiff's case.

Defendant also argues that costs related to deposition testimony regarding Plaintiff's fraud claim should be disallowed because Plaintiff's fraud claim was dismissed before trial. However, the testimony was given before the claim was dismissed, and Plaintiff was not aware that it would be dismissed. At the time the testimony was given, it was reasonably necessary for use in the case. Plaintiff is entitled to recover all of its claimed costs for deposition transcripts.

*2. Trial Transcripts*

By mutual agreement, the parties retained an independent court reporter to produce an unofficial daily record of the trial. Like the costs for deposition transcripts, the costs for trial transcripts are recoverable if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Court holds that the daily trial transcripts were necessarily obtained for use in the case. In civil cases, the notice of appeal must be filed within thirty days after the judgment is entered, but the expiration of this deadline is stayed if there are certain post-trial motions pending. Fed. R. App. P. 4(a). It would have been extremely difficult, if not impossible, for the parties to file properly supported post-trial motions prior to the expiration of the time for appeal in the absence of an unofficial trial record. This trial was lengthy and complex, and courts have recognized that in such a case daily transcripts are "necessarily obtained for use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 n.3 (7th Cir. 2000) (citing cases); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) ("[A] district court may overlook the lack of prior approval if the case is complex and the transcripts proved invaluable to both the counsel and the court."); *In re Kulicke & Soffa Indus., Inc., Sec. Litig.*, 747 F. Supp. 1136, 1146-47 (E.D. Pa. 1990) ("[D]efendants would have been severely handicapped in responding to plaintiff's post-trial motions had they not obtained the trial transcripts.").

*3. Summary Jury Trial Exhibits*

Plaintiff may recover the cost of copies of materials made in relation to the summary jury trial as long as the copies were "necessarily obtained for use in the case." 28 U.S.C.

5

§ 1920. The Court required, not requested or encouraged, that the parties participate in the summary jury trial held in November of 2009. Copies of exhibits and jury deliberation binders made in connection with the summary jury trial are therefore copies "necessarily obtained for use in the case."

*4. Jury Trial Exhibits*

Defendant argues that it was unnecessary for Plaintiff to incur the costs to compile two sets of exhibits for each juror. Plaintiff counters that "this was done solely for the benefit of the jury," but does not explain why one set would not have been sufficient. The Court is satisfied that Defendant has carried its burden of demonstrating that the second set of exhibits for the jury was not necessary to the case, and the Court will accordingly deduct $579.47 from Plaintiff's bill of costs.

*5. Fees for Witness Incurred in Relation to Depositions, the Summary Trial, and Trial*

While recoverable under 28 U.S.C. § 1920(3), the recoverability of fees for witnesses to attend depositions and trial is governed by 28 U.S.C. § 1821. Defendant first argues that the costs related the depositions of John Grey and Guy Avellon should not be allowed because those witnesses did not testify at trial, and thus the costs were not reasonably necessary to the case. It is not entirely clear to the Court that necessity is required under 28 U.S.C. § 1821. However, even if it is, as discussed above necessity is not determined by whether a witness testifies at trial. The depositions of Grey and Avellon were necessarily obtained for use in the case because they were directly related to issues that were reserved for jury determination and they were the subject of various pre-trial motions.

Defendant also challenges various costs claimed by Plaintiff in connection with the depositions of Neil Whitesell. First, Defendant argues that the $1,219.50 spent on airfare for Mr. Whitesell on October 8, 2008, is not the "most economical rate[] reasonably available," as required by 28 U.S.C. § 1821(c)(1). However, Defendant submits no evidence to give the Court an idea of what a reasonable rate would have been for this flight. Defendant bears the burden of convincing the Court that costs should be disallowed, *see BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), and it has failed to carry this burden. Nevertheless, Plaintiff offers to reduce the cost claimed for the October 8, 2008, flight to $1,025.50 to match the cost of a flight taken by Mr. Whitesell on August 26, 2008, a cost that Plaintiff claims Defendant does not challenge. The Court will enforce this reduction of $194.00 as offered. Second, Defendant seeks to disallow "over $1,500 for a two day car rental" by Mr. Whitesell in relation to one of his depositions. The Court has not discovered where Plaintiff is claiming this charge in its bill of costs. Plaintiff seeks travel costs for only three of Neil Whitesell's ten 30(b)(6) deposition volumes, and none of the expenses appear to reflect this charge.

Defendant also claims that "Whitesell seeks to recover costs for meals running to hundreds of dollars." Witness subsistence fees, which reflect the costs of meals, are limited to "the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(2). Plaintiff seeks subsistence fees ranging from $133.00 to $160.00 per witness per day, depending on the location of

7

attendance. (Dkt. No. 751 Ex. E.) These fees accurately reflect the rate allowed to traveling government employees, and are not excessive. *See* U.S. General Services Administration, per diem rates, available at http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentId= 17943&contentType=GSA_BASIC.

Finally, Defendant argues that it should not be required to pay for the hotel stays of Whitesell witnesses on Friday and Saturday nights, when trial was not scheduled for the following day. Specifically, Defendant disputes the overnight fees paid on January 29, 2010, February 5, 2010, and February 12, 2010. Witness subsistence fees, which reflect the costs of a hotel stay, shall be paid "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day-to-day." 28 U.S.C. § 1821. The trial took place in Grand Rapids, Michigan. All of Whitesell's witnesses for whom Whitesell is requesting a subsistence fee on the dates challenged by Defendant reside outside of Michigan. For these witnesses, an overnight stay was required in Grand Rapids, even on the weekends, because Grand Rapids is so far removed from Florida, Alabama, and Ohio — the residences of the witnesses — as to prohibit return to these residences on the weekends between trial weeks. The costs of the weekend hotel stays, as reflected by the subsistence allowance, is taxable under 28 U.S.C. § 1821(d)(1).

*6. Fees for Exemplification and Copies of Documents*

Under 28 U.S.C. § 1920(4), the prevailing party may recover the costs associated with making photocopies, as long as the copies are "necessarily obtained for use in the case."

8

This Court has recognized that § 1920(4) permits the recovery of a wide range of copying costs, including "copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Whirlpool Corp. v. LG Elecs., Inc.*, No. 1:04-CV-100, 2007 U.S. Dist. LEXIS 62591, at *5 (W.D. Mich. Aug. 26, 2007). Plaintiff, however, does not seek to exercise the full extent of its rights to collect costs under 28 U.S.C. § 1920(4). Plaintiff only seeks to recover costs for copies of documents produced to Defendant pursuant to discovery requests from Defendant, and only to the extent the number of documents produced by Plaintiff to Defendant exceeds the number of documents produced by Defendant to Plaintiff. At the early stages of this litigation, the parties agreed that the party that produced the most pages would be entitled to five cents per page produced in excess of the pages produced by the other party. (Dkt. No. 140, at 8-9, 11-12.) Plaintiff produced 1,437,454 total pages of discovery to Defendant, and Defendant produced 667,866 total pages to Plaintiff. Because Plaintiff produced 769,588 more pages that Defendant, Plaintiff seeks $38,479.40.

Defendant argues that Plaintiff submitted discovery requests for many parts that were not necessary to Plaintiff's overall claim, and as a result, Defendant was forced to spend significant resources making unnecessary copies. Analyzed strictly within the context of the parties' copy cost agreement, Plaintiff's unnecessary document requests could not have resulted in any quantifiable damages to Defendant. Unnecessary document requests would have increased the total number of pages that Defendant had to produce, would have required Defendant to make more copies, and would have *narrowed* the gap between the number of

pages that Plaintiff ultimately produced and the number of pages that Defendant ultimately produced. Under the parties' arrangement, on which Plaintiff is basing its claim for copy costs, a smaller gap between the total number of documents produced by Plaintiff as compared to Defendant would have actually *decreased* the copy costs currently sought by Plaintiff, not increased them.

Defendant seems to be asking that this Court look beyond the parties' copy cost agreement, however, and take into account the additional effort expended by Defendant to comply with the allegedly unnecessary discovery requests in determining the amount of costs to ultimately award to Plaintiff. The Court, however, does not believe that Defendant has carried its burden of demonstrating that these discovery requests were irrelevant or unnecessary. Defendant first argues that because Plaintiff ultimately dropped its claim for parts with damages of less than $10,000, Defendant should be reimbursed for its efforts gathering discovery relating to these parts. However, it is not clear that Plaintiff knew that these parts would involve de minimis damages claims, or that it would ultimately drop its claims for these parts, at the time the discovery requests were made.

Defendant also argues that, though Plaintiff submitted discovery requests for 2,133 parts, Plaintiff only claimed damages for 54 parts, and for this reason many of the requests were unnecessary. The Court assumes that the 54 parts referred to by Defendant are the parts that comprised Plaintiff's "dual-sourced/diverted" parts claim. However, Plaintiff's dual sourced/diverted parts claim was only one of approximately seven separate claims asserted by Plaintiff (Dkt. No. 742), which, in the aggregate, encompassed claims involving hundreds

of different part numbers. For example, Plaintiff's obsolescence claim alone involved damages claims for hundreds of different part numbers. (Dkt. No. 549, Ex. 9.) Even if some of Plaintiff's discovery requests did relate to parts for which Plaintiff did not ultimately claim damages, this is no reason to reduce the amount of costs Plaintiff seeks under the parties' copy cost agreement. In accordance with that agreement, Plaintiff is entitled to recover $38,479.40 in copy costs.

The Court will allow Plaintiff the entirety of its claimed costs of $177,676.39, with the exception of $579.47 spent on a duplicative copies of exhibits for the jury and a $194.00 reduction of the cost of Neil Whitesell's October 8, 2008, airfare, for total allowable costs of $176,902.92. An order consistent with this opinion shall be entered.


Dated: May 10, 2010                       /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE