UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHITESELL CORPORATION,

    Plaintiff,

v.

Case No. 1:05-CV-679

HON. ROBERT HOLMES BELL

WHIRLPOOL CORPORATION,
WHIRLPOOL MEXICO S.A. de C.V.,
and JOSEPH SHARKEY,

    Defendants,

and

WHIRLPOOL CORPORATION,

    Counter-Plaintiff,

v.

WHITESELL CORPORATION,

    Counter-Defendant.
_____/

## **OPINION**

This matter is before the Court on Plaintiff Whitesell Corporation's motion to amend judgment after post-trial rulings. (Dkt. No. 781.) On February 18, 2010, in accordance with the jury verdict, the Court entered judgment in this matter in favor of Plaintiff in the amount of $25.7 million. (Dkt. No. 743.) The judgment did not refer to interest or costs. On March 2, 2010, Plaintiff filed a motion to amend the judgment to reflect prejudgment interest on the

judgment amount. Adjusting and compounding interest rates on January 1 and July 1 of each year between the filing of the complaint and the judgment, the Court awarded Plaintiff statutory prejudgment interest in the amount of $6,931,922, and entered an amended judgment reflecting this amount on April 1, 2010. (Dkt. Nos. 765, 766.) On May 10, 2010, the Court granted in part Defendant's motion for partial disallowance of Plaintiff's bill of costs, and awarded to Plaintiff costs in the amount of $176,902.92. (Dkt. Nos. 779, 780.) Though the Court ordered the Clerk of Court to "tax Plaintiff's costs in the amount of $176,902.92 and to include that amount in the judgment," the Court did not issue a second amended judgment to reflect the costs. (Dkt. No. 780.) Plaintiff filed its present motion on May 11, 2010. Defendant filed its notice of appeal on May 19, 2010, Plaintiff filed its notice of appeal on June 2, 2010, and this matter was given an appellate docket number on June 2, 2010.

Plaintiff moves the Court to enter a second amended judgment incorporating various requested alterations to the amended judgment entered on April 1, 2010. Plaintiff requests that the second amended judgment reflect: (1) Plaintiff's allowed costs; (2) prejudgment interest on Plaintiff's allowed costs; (3) prejudgment interest on the verdict and costs from the filing of the complaint through May 10, 2010 (the date the Court awarded costs) rather than February 18, 2010 (the date of the original judgment); (4) prejudgment interest calculated in accordance with *Chelsea Inv. Group LLC v. City of Chelsea*, No. 288920, 2010 Mich. App. LEXIS 742 (Mich. Ct. App. Apr. 27, 2010), a case decided by the Michigan Court of Appeals on April 27, 2010.

2

## I. Law and Analysis

The Court's ability to grant each request is restricted by three considerations: (1) whether the court has jurisdiction over the request; (2) whether the request was timely filed; and (3) the merits of the request.

*(1) Request for a second amended judgment reflecting the costs award*

On May 10, 2010, the Court awarded Plaintiff costs in the amount of $176,902.92. (Dkt. No. 780.) Though the Court's order awarding costs instructed the Clerk of Court to include the allowed amount in the judgment, the Court did not enter an official second amended judgment adding the costs. Plaintiff now requests this Court to enter a second amended judgment including the costs. However, after Plaintiff filed its present motion, and before the Court had an opportunity to rule on it, both parties filed their notices of appeal, and this case was assigned an appellate docket number.

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[1] *Griggs v. Provident Consumer Discount Co.*,

---

[1] When a notice of appeal is filed with certain postjudgment motions pending, Rule 4(a)(4)(B) of the Federal Rules of Appellate Procedure stays the effective date of the notice of appeal in some circumstances, thereby allowing the district court to retain jurisdiction to decide the pending motions. However, as discussed *infra*, with the exception of the request for costs under Rule 54(d), which does not stay the effectiveness of a notice of appeal, all of Plaintiff's requests in this present motion fall under Rule 60 of the Federal Rules of Civil Procedure. According to Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure, motions for relief under Rule 60 stay the effective date of a notice of appeal, but only if they are filed no later than twenty-eight days after judgment is entered. The amended judgment was entered in this matter

(continued...)

459 U.S. 56, 58 (1982) (per curiam). As *Griggs* suggests, there is an exception to the divestment of jurisdiction upon the filing of the notice of appeal for "matters collateral to the main cause of action." *Reed v. Country Miss, Inc.*, Nos. 93-6370, 94-5005, 1995 WL 348041, at *2 (6th Cir. June 8, 1995) (citing *Griggs*, 459 U.S. at 58.); *see also Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal."). The mere inclusion of costs in a judgment, especially when those costs have already been allowed and the Court has made clear that they should become part of the judgment, is undoubtedly a matter collateral to the main cause of action. *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) ("[A] request for costs raises issues wholly collateral to the judgment in the main cause of action."); *cf. Reed*, 1995 WL 348041, at *2 (holding that requests for attorneys fees are collateral to the main cause of action) (citing *Budinich v. Beckton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988)). Therefore, despite the filing of the notices of appeal, the Court retains jurisdiction to entertain this request.

In addition, Plaintiff's request is not untimely. Defendant argues that Plaintiff's motion should be "denied in its entirety" because it arises under Rule 59(e) of the Federal

---

[1](...continued)
on April 1, 2010, and the present motion was filed on May 11, 2010, more than twenty-eight days later. Thus, the present motion did not stay the effective date of the notices of appeal, and the notices of appeal were effective when they were filed, divesting the Court of jurisdiction over matters involved in the appeal.

Rules of Civil Procedure and was not filed within twenty-eight days of the amended judgment. However, in *Buchanan v. Stanships, Inc.*, 485 U.S. 265 (1988), the Supreme Court expressly held that a motion for costs is not a motion under Rule 59(e), but a motion under Rule 54(d). *Id.* at 285. After costs have been allowed, Rule 54(d) prescribes no time limitation on when they may officially be added to the judgment. Fed. R. Civ. P. 54(d).

As for the merits of Plaintiff's request, Plaintiff's right to a judgment that reflects costs is clearly established by 28 U.S.C. § 1920, which provides that an allowed bill of costs should be "included in the judgment or decree." Although the Court's order allowing Plaintiff's costs specifically instructed that the costs should be included in the judgment, in the interest of clarity the Court will enter a second amended judgment incorporating the award of costs.

*(2) Request for a second amended judgment reflecting interest on the costs*

Though the Court awarded Plaintiff prejudgment interest on the jury verdict on April 1, 2010, the Court has not awarded Plaintiff prejudgment interest on Plaintiff's costs. Plaintiff requests that the second amended judgment reflect prejudgment interest on its costs.

The issues of whether the Court has jurisdiction to entertain this request, and whether the request was timely filed, are closely related. They both depend on whether the request is brought under Rule 54(d), 59(e), or 60(a) of the Federal Rules of Civil Procedure.[2] If this

---

[2] Though Plaintiff labels its request as one under Rule 59(e), the label given to a motion by the parties is not the governing inquiry. *See Glick v. White Motor Co.*, 458 F.2d 1287, 1293-94 (3d Cir. 1972) (analyzing a motion for prejudgment interest under Rule 60(a) though it was brought under Rule 59(e)).

request is characterized as a request for costs, like the above request, it is brought pursuant to Rule 54(d), the Court has jurisdiction to entertain it, and it is timely. Similarly, if it is characterized as a request for the correction of a clerical error, it is brought pursuant to Rule 60(a), and the Court has jurisdiction to entertain it, subject to approval from the Court of Appeals. *See* Fed. R. Civ. P. 60(a) ("[A]fter an appeal has been docketed in the appellate court, . . . a mistake may be corrected only with the appellate court's leave."); *United States v. Brown*, 17 F. App'x 367, 368 (6th Cir. 2001) ("Generally, the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals with regard to any matters except those 'in aid of the appeal' or to correct clerical errors under Fed. R. Civ. P. 60(a) until the district court receives the mandate of the court of appeals."). In addition, Rule 60(a) includes no express time limitation, and so, if brought pursuant to Rule 60(a), the request is timely. On the other hand, the request could also be characterized as a motion to alter judgment under Rule 59(e). In this case, because the judgment has been appealed, the request would be one that touches on part of the subject matter of the appeal, and the Court would be without jurisdiction to entertain it. Further, Rule 59(e) includes a twenty-eight day filing limitation, and so if brought pursuant to Rule 59(e), the request would be untimely.

This request is not a request under Rule 54(d). Unlike Plaintiff's request for costs discussed above, Plaintiff's request for prejudgment interest on costs is not authorized by Rule 54(d). Prejudgment interest on costs is instead authorized by Michigan statute, Mich.

Comp. Laws. § 600.6013(8), the same statute that authorizes prejudgment interest on damages. Thus, any motion for prejudgment interest on costs must be brought pursuant to the same authority that authorizes a motion for prejudgment interest on damages. Depending on the circumstances, motions for prejudgment interest on damages (and/or costs) are brought pursuant to either Rule 59(e) or 60(a). *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 387 (6th Cir. 1998).

"If the language of [the judgment to be amended] awards interest as required by law but leaves the actual calculations for later," a motion to add the interest is brought pursuant to Rule 60(a). *Pogor*, 135 F.3d at 388. Conversely, "when a district court's original judgment does not mention an award of interest, then a later motion to fix interest would be governed by [Rule 59(e)], as the motion would amount to an original request for interest." *Id.* (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989)).

Admittedly, the facts of this case do not fit neatly within either of the above scenarios. The Court's April 1, 2010, amended judgment did not explicitly incorporate interest on costs and reserve a calculation of that interest for later. (Dkt. No. 766.) Nor, however, is the amended judgment completely silent on prejudgment interest. The amended judgment and accompanying opinion make clear that Plaintiff is entitled to prejudgment interest in accordance with Mich. Comp. Laws § 600.6013(8), and § 6013(8) unambiguously permits prejudgment interest on costs in addition to interest on the jury verdict. The Court finds that the present situation more closely resembles one in which "the language of the judgment

awards interest as required by law but leaves the actual calculations for later," i.e., after allowable costs are determined, than one in which the "original judgment does not mention an award of interest." *See Pogor*, 135 F.3d at 388. By awarding interest on the jury verdict, the Court implicitly determined that prejudgment interest was allowable on costs as well, even though that issue was not before the Court because Plaintiff's bill of costs had not yet been approved. Accordingly, Plaintiff's present motion for prejudgment interest on costs properly falls under Rule 60(a). The Court retains jurisdiction to decide motions under Rule 60(a) even after a notice of appeal is filed. *See* Fed. R. Civ. P. 60(a); *Brown*, 17 F. App'x at 368. In addition, because a motion under Rule 60(a) may be brought at any time, the request is timely.

As for the merits of Plaintiff's request, a second amended judgment reflecting prejudgment interest on Plaintiff's costs is appropriate because that right is clearly established by Mich. Comp. Laws § 600.6013(8), which states that "[i]nterest under this subsection is calculated on the entire amount of the money judgment, including . . . costs." Even though Plaintiff's right to a judgment reflecting interest on costs is clear, Rule 60(a) provides that "after an appeal has been docketed in the appellate court and while it is pending," a Rule 60(a) motion may be granted only "with the appellate court's leave." Both parties have filed notices of appeal in this matter, and the appeal is pending. Thus, the Court will therefore seek leave of the appellate court prior to entering a second amended judgment to reflect prejudgment interest on Plaintiff's costs.

*(3) Request for a second amended judgment adding prejudgment interest to verdict and costs through May, 10, 2010*

The Court previously calculated prejudgment interest from the filing of the complaint through entry of the original judgment on February 18, 2010. (Dkt. No. 766.) Plaintiff argues that it is entitled to prejudgment interest from the filing of the complaint through the Court's order awarding Plaintiff's costs and denying Defendant's motion for judgment as a matter of law on May 10, 2010. Though brought pursuant to Rule 59(e), conceptually this request most closely resembles a request to correct a clerical error pursuant to Rule 60(a). As discussed above, requests for prejudgment interest such as this can be brought pursuant to either Rule 59(e) or Rule 60(a), depending on whether "the language of [the judgment to be amended] awards interest as required by law but leaves the actual calculations for later," or whether it "does not mention an award of interest." *Pogor*, 135 F.3d at 388. As discussed above, the April 1, 2010, judgment clearly indicates that Plaintiff is entitled to prejudgment interest, and this determination necessarily implies that Plaintiff is entitled to prejudgment interest based on the proper time period. Plaintiff's request that the Court extend the time period of calculation for prejudgment interest is essentially a request that the Court correct a calculation error pertaining to a right to prejudgment interest that was established by an earlier judgment, and as such the request appears to fall under Rule 60(a). If a request under Rule 60(a), the Court has jurisdiction to entertain it, and it is timely.

However, the question of whether the request is brought pursuant to Rule 59(e), Rule 60(a), or some other provision, such as a motion for reconsideration, is merely academic

9

because the request itself is meritless. According to 28 U.S.C. § 1961(a), which controls postjudgment interest in civil cases decided in federal courts, *see Scotts v. Central Garden & Pet Co.*, 403 F.3d 781, 792 (6th Cir. 2005), postjudgment interest is calculated from the date of the entry of the "judgment." Up until the entry of the "judgment," Plaintiff is entitled to prejudgment interest in accordance with Michigan statutory law, in particular, Mich. Comp. Laws § 600.6013(8). *FDIC v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000).

Plaintiff argues that, for purposes of 28 U.S.C. § 1961(a), the "judgment" should be the Court's May 10, 2010, order awarding Plaintiff costs. (Dkt. No. 780.) Defendant argues that, for purposes of 28 U.S.C. § 1961(a), the "judgment" should be the Court's February 18, 2010, original entry of judgment.

Even if the Court had entered a "judgment" on May 10, 2010, awarding Plaintiff costs, which it did not,[3] a "judgment" that merely adds costs to a jury verdict cannot constitute the "judgment" that triggers the running of postjudgment interest pursuant to 28 U.S.C. § 1961(a). Rule 58(e) of the Federal Rules of Civil Procedure makes clear that "[o]rdinarily, the entry of judgment may not be delayed . . . in order to tax costs." A determination that the judgment adding costs is the "judgment" for purposes of § 1961(a) would in practical effect mean that the Court would be delaying the judgment on the jury verdict in order to tax costs, which would be inconsistent with Rule 58(e). *See also Buchanan v. Stanships, Inc.*, 485 U.S.

---

[3] Through this motion Plaintiff requests the Court to officially enter a "judgment" reflecting its award of costs. *See supra* Part I.1.

265, 268 (1988) ("Thus, it is apparent that the [Federal Rules of Civil Procedure] 'attemp[t] to divorce the process of entering judgment from that of determining and assessing the costs.'" (quoting 10 Charles Allen Wright et al., Federal Practice and Procedure § 2679 (2d ed. 1983)). By calculating postjudgment interest from the date of the "judgment," 28 U.S.C. § 1961(a) clearly contemplates that the operative "judgment" in this case is the one entered after the jury verdict on February 18, 2010, not a judgment that performs a ministerial function such as adding costs.

Even if designating the May 10, 2010, order adding costs as the operative "judgment" for purposes of 28 U.S.C. § 1961(a) did not conflict with Rule 58(e), it would still not be appropriate. Prior to 1990, when faced with multiple "judgments," the Sixth Circuit would employ an "equities approach" to determining which judgment to designate as the operative judgment for purposes of § 1961(a). *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1349 (6th Cir. 1999). Under the "equities approach," courts were required to determine which judgment would result in an interest award that would most resemble "full compensation." *Id.* In relying on *Scotts v. Cent. Garden & Pet Co.*, 403 F.3d 781 (6th Cir. 2005) and *AT&T Co. v. United Computer Sys., Inc.*, 98 F.3d 1206 (9th Cir. 1996), and arguing that the May 10, 2010, order should be operative judgment because designating the February 18, 2010, judgment as the operative judgment "grants an unjustified benefit to . . . the losing party," Plaintiff is asking this Court to employ the "equities approach." However, in *Transmatic v. Gulton Indus., Inc.*, 180 F.3d 1343 (6th Cir. 1999), the Sixth Circuit

11

explicitly rejected *AT&T* and the equities approach, and determined that the Supreme Court's decision in *Kaiser Aluminum & Chem. Corp. v. Bonjoro*, 494 U.S. 827 (1990), mandated the use of the "meaningful ascertainment test" instead. According to the Court in *Transmatic,* under the meaningful ascertainment test, postjudgment interest begins when damages are meaningfully ascertained. *Transmatic*, 180 F.3d at 1349. There is no dispute that Plaintiff's damages were meaningfully ascertained when the jury rendered its verdict,[4] and so, in accordance with *Transmatic*, postjudgment interest should run from the judgment entered on February 18, 2010, pursuant to the jury verdict. In short, *Transmatic* explicitly rejected the equities approach, *id.* at 1349, explicitly rejected *AT&T*, *id.*, and explicitly rejected Plaintiff's argument that cases in which the prevailing party is entitled to prejudgment and postjudgment interest should be treated differently than cases in which the prevailing party is entitled to postjudgment interest alone, *id.* at 1350. The fact that *Scotts* seems to endorse the equities approach, endorse *AT&T*, and treat a case in which the prevailing party was entitled to prejudgment and postjudgment interest differently than cases in which the prevailing party was entitled to postjudgment interest alone (such as *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414 (6th Cir. 1999)), does not mean that this Court should now depart from the holdings in *Transmatic*. *See Darran v. City of Oak Park*, 255

---

[4]In fact, the argument could be made that this was the *only* judgment that meaningfully ascertained Plaintiff's damages resulting from Defendant's conduct. The April 1, 2010, amended judgment merely added to the February 18, 2010, judgment interest on Plaintiff's actual damages, and the May 10, 2010, order merely added Plaintiff's allowable costs on top of that. Neither the April 1 judgment nor the May 10 order reflected any measure of damages directly attributable to Defendant's breach of the 2002 SAA.

12

F.3d 301, 309 (6th Cir. 2001) ("[A] panel of [the Sixth Circuit] cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."); 6th Cir. R. 206(c). Plaintiff is only entitled to prejudgment interest on the jury verdict and costs until February 18, 2010.

*(4) Request for a recalculation of prejudgment interest in light of* Chelsea

On April 1, 2010, the Court awarded Plaintiff prejudgment interest on the jury verdict, as authorized by Mich. Comp. Laws. § 600.6013(8), which states:

> [I]nterest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of the filing of the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1, and January 1, as certified by the state treasurer, and compounded annually, according to this section.

In calculating prejudgment interest, the Court adjusted and compounded the interest rate on July 1 and January 1 from the filing of the complaint to the entry of the original judgment. However, on April 27, 2010, the Michigan Court of Appeals decided *Chelsea Inv. Group LLC v. City of Chelsea*, No. 288920, 2010 Mich. App. LEXIS 742 (Mich. Ct. App. Apr. 27, 2010), which interprets Mich. Comp. Laws § 600.6013(8) to require that interest rates be adjusted and compounded on the one-year and six-month anniversaries of the filing of the complaint in accordance with interest rates established on the July 1 or January 1 immediately preceding the relevant anniversary.

13

Plaintiff argues that the Court should recalculate its prejudgment interest in accordance with the *Chelsea* decision. Plaintiff brings its motion pursuant to either Rule 59(e) or Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 781, at 4; Dkt. No. 805 Ex. A, at 4.) Although, as discussed above, a motion to add prejudgment interest to the judgment may be treated as a motion to correct an omission from the judgment under Rule 60(a) in some circumstances, this portion of Plaintiff's motion does not ask the Court to add prejudgment interest; it asks the Court to recalculate prejudgment interest in accordance with an intervening state court decision. Rule 60(a) does not cover such a request.

As a motion pursuant to Rule 59(e), Plaintiff's request is not timely. Motions under Rule 59(e) must be filed within twenty-eight days of the judgment they seek to amend, and Plaintiff's present motion, filed May 11, 2010, seeks to amend a judgment entered April 1, 2010.

As a motion pursuant to Rule 60(b)(6), which requires that the motion be filed within a "reasonable time" after judgment, *see* Fed. R. Civ. P. 60(c)(1), Plaintiff's motion is timely. However, the Sixth Circuit has explicitly held that the filing of a notice of appeal deprives the district court of the jurisdiction to grant a motion filed under Rule 60(b). *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008) (citing *First Nat. Bank of Salem v. Hirsch*, 535 F.2d 343, 345 n.1 (6th Cir. 1976)). Nevertheless, a district court barred from deciding a Rule 60(b) motion due to the filing of a notice of appeal should consider the merits of the request, and indicate to the circuit court whether, if the court had jurisdiction, it would grant the

motion. *Pickens*, 549 F.3d at 383; *see also Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993). Accordingly, the Court will address the merits of Plaintiff's request.

Rule 60(b)(6) permits the Court, in its discretion, to amend a judgment "in extraordinary circumstances." *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991). "A change in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). However, "an applicable change in decisional law, coupled with some other special circumstance" can warrant Rule 60(b)(6) relief. *Id.* "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* at 529 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Several special circumstances persuade the Court that relief under Rule 60(b)(6) is proper in this case. First, although the Court has entered judgment in this matter, the judgment is currently subject to amendment to reflect Plaintiff's costs, and possibly interest on the costs as well. There is little value in denying Plaintiff's Rule 60(b)(6) motion in order to preserve the finality of the judgment when an unrelated request for costs and interest on the costs will require the court to adjust the judgment in any event. *See supra* Part II.1; *cf. Jackson v. Sok*, 65 F. App'x 46, 49 (6th Cir. 2003) (finding a "special circumstance" where

"the change in law occurred after the filing of the motion but before the court ruled on the matter"). Similarly, though judgment has been entered, it has not yet been executed, and only a small amount of time has passed since judgment was entered and the Michigan Court of Appeals decision clarifying the proper application of Mich. Comp. Laws § 600.6013(8) was handed down. *See Ritter v. Smith*, 811 F.2d 1398, 1401-02 (11th Cir. 1987) (finding it significant that the judgment had not been executed and that there was only "minimal delay" between the entry of judgment and the Rule 60(b)(6) motion.) Finally, this case involves an intervening change in state law affecting judgment, not federal law, and the unique degree of deference for state law is an additional consideration that tips the scales in favor of granting the motion. *See Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009). If the Court had jurisdiction over this request, the Court would grant it, and include in its second amended judgment prejudgment interest on the jury verdict and costs calculated in accordance with *Chelsea*.

## II. Conclusion

Plaintiff's present motion requests that the Court enter a second amended judgment reflecting four alterations to the amended judgment entered April 1, 2010: (1) the addition of costs; (2) the addition of prejudgment interest on costs; (3) the addition of prejudgment interest on the jury verdict and costs between February 18, 2010, and May 10, 2010; (4) a recalculation of prejudgment interest on the jury verdict and costs in accordance with the Michigan Court of Appeals decision in *Chelsea*. The Court's ability to grant each request

is restricted by three considerations: (1) whether the Court has jurisdiction over the request; (2) whether the request was timely filed; and (3) the merits of the request. First, the addition of costs to the judgment is a matter "collateral" to the judgment itself, Plaintiff's requests for the addition of costs to the judgment was timely filed under Rule 54(d), and 28 U.S.C. § 1920 clearly entitles Plaintiff to the inclusion of costs in the judgment. For these reasons, Plaintiff's first request will be granted. Second, Mich. Comp. Laws § 600.6013(8) clearly entitles Plaintiff to an amended judgment reflecting prejudgment interest on allowed costs, and since this request falls under Rule 60(a), it is timely, and the Court has jurisdiction to grant it subject to leave from the appellate court. Third, regardless of whether Plaintiff's request for prejudgment interest through May 10, 2010, arises under Rule 59(e), Rule 60(a), or some other provision, the request is meritless, and will be denied. Finally, Plaintiff's request for a recalculation of prejudgment interest on the jury verdict and costs arises under Rule 60(b)(6) and should be granted. However, because the Court is without jurisdiction to grant the request, the Court will delay entering a second amended judgment recalculating prejudgment interest in accordance with *Chelsea* until the appellate court remands the matter, if it chooses to do so upon motion from Plaintiff. *See Pickens*, 549 F.3d 377, 383 (6th Cir. 2008). An order consistent with this opinion shall be entered.

Dated: June 11, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE